ROBERT (BOBBY) GIBBS v. EMPLOYERS MUTUAL LIABILITY AND INSURANCE COMPANY OF WISCONSIN.

(Filed 20 September, 1944.)

**Insurance § 43—**

A policy of indemnity, insuring a corporation and an individual from liability for damages sustained in the operation of a truck, when used commercially and principally in connection with the business of the manufacture of paper, does not cover personal injuries to an employee of the individual, caused by the negligent operation of the truck in question while being used by the said individual and his employee to haul for hire the potatoes of their neighbor.

APPEAL by plaintiff from *Carr, J.,* at May Term, 1944, of BEAUFORT.

Civil action to recover on automobile insurance policy as indemnity for liability of employer of plaintiff for personal injuries sustained.

Plaintiff, having obtained judgment against his employer, William Russ, Jr., for damages for personal injuries sustained in the overturning of an automobile truck operated by Russ, in hauling Irish potatoes, and having failed to collect judgment against Russ therefor, brings this action upon a certain "standard combination automobile insurance policy" issued by defendant, and by a fire insurance company not involved in this controversy, in which these items appear:

."1. Name of insured NORTH CAROLINA PULP COMPANY AND WILL RUSS . . . Insured is: (x) Individual . . . Business or occupation of· the named insured: PAPER MFRS."

4. The description of the Chevrolet truck.

5. "The purposes for which the automobile is to be used are: (x) Commercial . . . (b) The term 'commercial' is defined as use principally in the business occupation of the named insured as stated in Item 1, including occasional use for personal, pleasure, family and other business purposes."

The policy further provided defendant agrees "with the insured named in the declarations made a part hereof . . . subject to the limits of liability, exclusions, conditions and other terms of this policy" that it "shall be the insurer with respect to coverages A, B, C and H, and no other." Under caption "INSURING AGREEMENTS" these coverages are separately stated. The one involved here is "Coverage A—Bodily Injury Liability To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . because of bodily injury . . . sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile." And under the caption "EXCLUSIONS" this provision appears "This policy does not apply: (d) under coverages A and C, to bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the automobile."

The defendant admits the execution of the policy but denies liability.

When the case came on for hearing in Superior Court the parties, through their respective counsel, waived a trial by jury and agreed that the court might find the facts and submitted to the court stipulation of facts which the court adopted as facts found, upon which judgment as· of nonsuit was entered.

Pertinent portions of the facts stipulated are as follows: (1) The policy of insurance sued upon in which "it appears on its first page to have been issued to North Carolina Pulp Company, a corporation, and Will Russ," as described hereinabove. (2) The Pulp Company purchased and hauled pulpwood to be manufactured into paper. Russ, a

farmer, living in Beaufort County, used the truck to haul pulpwood to the company's factory. But Russ was using and driving the truck to haul, for pay, the potatoes of his neighbors at the time of the injury to plaintiff for which the judgment was obtained against Russ. Plaintiff was first employed by Russ to cut pulpwood, but at the time of the injury he was employed and paid by Russ to handle the potatoes, and he was not then engaged in hauling pulpwood.

Plaintiff appeals to Supreme Court and assigns error.

*H. S. Ward for plaintiff, appellant.*
*Z. V. Norman for defendant, appellee.*

WINBORNE, J. The question presented is whether plaintiff, as employee of William Russ, is covered by the provisions of the policy of indemnity upon which suit is based.

The parties debate in this Court the force and effect of subsection (d) of the clauses of EXCLUSIONS. While the language there used appears to be clear and unambiguous, we are of opinion that the first hurdle plaintiff must mount is whether William Russ, separately and individually, is covered by the policy. The policy insures North Carolina Pulp Company and William Russ from liability for damage sustained in the use of the truck in question when used commercially and principally in the business occupation of the insured as stated in Item 1, that is, in or in connection with manufacture of paper—an undertaking in which the insured, the Company and Russ, were jointly interested. The hauling of Irish potatoes in which Russ was engaged for pay at the time of the injury was in no way connected with the commercial enterprise covered by the policy. It was so adjudged in the case of *Gibbs v. Russ,* 223 N. C., 349, 26 S. E. (2d), 909. There it is stated that "with respect to the operation of the truck in hauling Irish potatoes, the evidence is insufficient to establish between the Pulp Company and defendant Russ the relationship of principal and agent or that of partnership." Hence, it is clear that the coverage of the policy in question does not extend to the liability of Russ individually in the operation of the truck in a business in which the Pulp Company had no interest.

But if the policy did so extend, the plaintiff must hurdle the exclusion clause providing that the policy does not apply "to bodily injury to an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of the automobile." And defendant cites very respectable authority to sustain the validity of this provision. See *Associated Indemnity Corp. v. Wachsmith,* a decision by the Supreme Court of the State of Washington, reported in 99 P. (2d), 420, 127 A. L. R., 531, and

*Ætna Casualty & S. Co. v. Howell,* 108 F. (2d), 148, cited in annotation 127 A. L. R., 542. Compare *Hunt v. Casualty Co.,* 212 N. C., 28, 192 S. E., 843.

The judgment below must be

Affirmed.