89 So.2d 373

Mrs. Vola Evelyn PULLEN

v.

The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Ltd., et al.

In re V. J. MITCHELL Applying for Certiorari or Writ of Review, Parish of Orleans.

In re Mrs. Vola Evelyn PULLEN Applying for Certiorari or Writ of Review, Parish of Orleans.

Nos. 41919, 41920.

May 7, 1956.

Rehearing Denied June 29, 1956.

Joseph A. Gladney, Baton Rouge, Amos L. Ponder, Jr., Simon & Wicker, Warren M. Simon and Thomas C. Wicker, Jr., New Orleans, for petitioners.

Montgomery, Barnett, Brown & Sessions and Cicero C. Sessions, New Orleans, for intervenor and appellant.

Porteous & Johnson, Wm. A. Porteous, Jr., Parnell J. Hyland, Weiss & Weiss and S. Paul Weiss, Jr., New Orleans, amici curiae.

Deutsch, Kerrigan & Stiles, New Orleans, for defendant-respondent.

WATKINS, Justice ad hoc.

This proceeding, which calls for the interpretation of certain provisions of a policy of public liability insurance, arises from an action in tort, in response to which exceptions of no cause of action and no right of action were filed. Hence, it is before us upon the basis of the allegations of fact shown by the pleadings and the accompanying documents, which disclose the pertinent factual situation hereinafter set out.

L. Edward Pullen was engaged as a truck driver for Southern Equipment and Tractor Company (hereinafter referred to as Southern) on April 14, 1952, and in the course and scope of his employment was helping in loading a dragline onto a motor truck. V. J. Mitchell had traded in the dragline on the purchase of new equipment from Southern and, at the latter's request, was helping to load it onto the truck. Mitchell was operating the dragline in the act of loading, and when the boom came into contact with a high tension electric wire Pullen was electrocuted. It is alleged that Mitchell was an independent contractor and that his negligence was the cause of Pullen's death.

At the time of the accident a policy of public liability insurance written by the Employers' Liability Assurance Corporation, Ltd. (hereinafter referred to as Employers') was in force and affected the dragline (which was included in the policy definition of automobile) and insured Southern, and also (under the omnibus clause) any persons using it with the permission of such named insured, against bodily injury to a maximum of $100,000 for each person (coverage A). The workmen's compensation insurer of Southern at that time was Maryland Casualty Company (hereinafter referred to as Maryland), which was also the public liability insurer of Mitchell, the applicable limit of its policy being $10,000.

The widow of Pullen instituted this action against Mitchell (the alleged tort feasor) and Employers' (assertedly the public liability insurer under the omnibus clause of its policy issued to Southern) to recover damages for the death of her husband.

Mitchell denied liability and called in warranty his codefendant, Employers', invoking the additional insured provisions of the mentioned omnibus clause of the latter's policy in which Southern was the named insured. Maryland intervened in the suit, claiming indemnification from Employers'

·for workmen's compensation payments required of it on account of Pullen's death. Employers' filed exceptions of no cause or right of action to (a) plaintiff's petition, (b) Mitchell's call in warranty and (c) Maryland's petition of intervention.

The District Judge sustained the exceptions and rejected all demands made against Employers'. Appeals to the Court of Appeal, Orleans Circuit, resulted in an affirmance of the judgment. See 72 So.2d 353.

On the applications of plaintiff and Mitchell certiorari was granted to review the judgment, largely because the important question involved is res novo in the jurisprudence of this state.

The theory of the demands of plaintiff, of Mitchell and of Maryland as against Employers' is that Mitchell, the tortfeasor, is an additional insured under the omnibus coverage of the liability policy, as follows:

"Definition of 'Insured'.

"The unqualified word 'insured' includes the named insured and also includes * * * (2) * * * any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. * * *."

No question is raised by Employers' under the exceptions as to the defendant Mitchell being an insured under the provisions of the omnibus clause of its liability policy. Hence, for the purposes of the exceptions, he was under the coverage of the policy and was insured by Employers' against liability for damages.

Defending under the exceptions of no cause of action, and directing attention to the admitted fact that the decedent Pullen was an employee of (and acting within the scope of his employment with) Southern when the accident occurred, Employers' invokes and relies on certain exclusions, the interpretation of which is the crucial point in the case, defined in the policy as follows:

"This policy does not apply:

" * * * * * * *

"(c) under Coverages A and B * * * to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;

"(d) under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment * * * of the insured * * *."

To such defense the plaintiff, Mitchell and Maryland respond that the exclusions

"mean simply that coverage is denied only as to injury to or death of an employee of the insured against whom liability therefor is sought to be imposed", and that since the decedent Pullen was not in the employment of Mitchell, the omnibus insured and the tort feasor from whom damages are demanded herein, the exclusions are inapplicable.

Thus, the only question raised by the exceptions involves the interpretation of the exclusion clause. That question is whether the defendant Mitchell is "the insured" referred to in that clause as the insured who is excluded from coverage, or, to put it more precisely, from whom coverage is withdrawn, by the provisions thereof.

For the sake of certainty in delineating the problem to be resolved, we refer to the judgment of the appellate court, which accurately states the issue, as well as its position and that of the parties, 72 So.2d 353, 355, as follows:

"Appellants contend that whereas the claim arose by virtue of the fault of an omnibus insured, properly construed, the word 'insured' where it occurs in the exclusions should be treated as referring to the person to whom the omnibus coverage clause applies and not to the named insured, and therefore it should be taken to refer solely to Mitchell. They argue, consequently, that since Pullen was not in the employ of Mitchell and that as Mitchell was not liable for any workmen's compensation benefits, the exclusions relied upon by appellee have no application and the omnibus coverage afforded Mitchell is unaffected thereby.

"An examination of the policy leads to the conclusion that it is not open to such a construction as appellants contend for. The contract states specifically and unambiguously that *the unqualified word "insured" includes the named insured.* To hold for appellants would necessitate striking out of the policy such quoted language of the insuring agreements.` (Italics ours.)

"Such definition of the 'insured' in the omnibus clause has the effect of placing the persons covered by the omnibus clause in exactly the same position as the named insured, and subject to all of the conditions of the policy as they would apply to the named insured, and subject to all the limitations upon coverage set forth in the policy. * * *"

It will be observed that the court made specific reference to the language of the omnibus clause in construing the meaning and import of the word "insured" in the exclusion clause.

The liability policy, the omnibus clause and the exclusion clause were clearly designed for certain express purposes. They

evince such purposes by their very nature, viz.:—the policy is intended to offer protective coverage, the omnibus clause to describe its extent, and the exclusion clause to define its limitations. And each should be construed in the light of its objects and purposes.

The omnibus clause states with unmistakable certainty that "the unqualified word 'insured' includes the named insured", but it also states with equal certainty that it *includes* the omnibus or additional insured. Thus, the word "insured" relates not only to the named insured, but also to the omnibus insured. Indeed, it can be said to cover, comprehend, include and refer to every character of insured covered or intended to be covered by the policy, whether the named insured, the omnibus insured, the additional insured, or any other insured.

The omnibus clause, by its own term and title and its use of the word "includes", indicates extensiveness and comprehensiveness and an evident purpose and intent to refer to any and every person entitled to protection under the policy. It draws no distinctions except as shown by the self-evident fact that the named insured and the omnibus insured are separate and distinct persons. It defines no relationship other than that the named insured and the omnibus insured are both included under the coverage of the same liability policy. It describes and identifies no particular insured, because there is nothing in the word "insured" as used in the clause that indicates, or even suggests, a specific reference to the named insured or any other insured. The omnibus clause, in the sense in which it uses the unqualified word "insured", makes potential reference to *every* insured, and thus evidences its purpose and intent to offer protective coverage to any and every insured defined in its provisions. And that is all the omnibus clause and the unqualified word "insured" used therein can be held to mean. Since it is illogical to suppose that it was designed to do the double duty of describing both the inclusions and exclusions of policy coverage, it is reasonable to conclude that it was intended to extend coverage only. Hence, the omnibus clause is intended to extend, and not to limit, coverage.

On the other hand, the very nature of the term and title of the exclusion clause suggests that it is intended to delimit and restrict coverage. It is necessarily exclusive instead of inclusive, restrictive rather than comprehensive. It is quite clearly designed to identify and point out such persons who are *not entitled* to the protective coverage of the policy.

While the unqualified word "insured" used in the omnibus clause refers to every insured covered by the policy, it does not follow that the use of the same word in the exclusion clause makes the same inclusive reference to every insured. It is obvious that to import such meaning into the exclu-

sion clause would not only do violence to the policy purpose of coverage, but would destroy it by its suicidal implication of absolute nullity by comprehensive exclusion. Comprehensive inclusion under the omnibus clause followed by comprehensive exclusion under the exclusion clause would be equivalent to a lease contemplating eviction before or simultaneously with occupancy. Such use and purpose are so thoroughly inconsistent with, and utterly repugnant to, the policy intent of protective coverage, that any consideration thereof in the interpretation of the omnibus and exclusion clauses is intolerable. And such use is not only in conflict with policy purpose, but it is also at variance with the purposes and designs of the respective clauses. It thus becomes evident that the meaning given to the unqualified word "insured" in the omnibus clause does not necessarily apply in, and can hardly extend to, the exclusion clause, and that any attempt to construe the use of the word in one clause by reference to the other clause obscures and confuses, rather than clarifies, the meaning of both the word and the clause.

It is apparent, therefore, that the true and proper use and meaning of the unqualified word "insured" is directly related to the particular clause in which it is incorporated, that the word becomes merged with, or submerged in, the context of the clause and thus savors of its flavor, that it is not so much the word that gives meaning to the clause as it is the clause that gives meaning to the word, and that the word has a meaning only in the sense in which it is used in a particular clause. Hence, the word has no distinct meaning apart from that of the clause in which it is used, and it must be read and considered in the light of the adjunctive or descriptive language of that clause, as well as in view of its purpose and intent, and thus must partake of the meaning of the clause itself. Thus, in the omnibus clause the word has the comprehensive meaning of that clause in accordance with its language, purpose and design, while in the exclusion clause it bears the stamp and import of that particular clause and has a restrictive meaning. In the final analysis, it is the meaning of the clause, rather than that of a single word, that requires interpretation.

Since the omnibus clause extends coverage only and points out no exclusions, the identity of the insured intended to be excluded or withdrawn from the benefits of policy coverage cannot be found in the omnibus clause, but must be sought within the perimeter and in the language of the exclusion clause. In the absence of other related provisions (and none have been pointed out except the unwarranted reference to the omnibus clause), it is the only area of the policy defining the terms and conditions of exclusion.

The exclusion clause must necessarily be examined and interpreted in the light of

its own design and intent, as well as in view of the objects and purposes of the policy. Once coverage has been extended, as it is quite clearly the purpose of the policy to do and as has been done here, it should be withdrawn only when exclusion is established with certainty. And because comprehensive exclusion is violative of the purpose and intent of policy coverage, exclusion must necessarily be specific and not general. It is specific, as distinguished from comprehensive, when it particularly identifies the insured or insureds intended to be excluded. The exclusion clause, as its name implies, sets forth the traits, characteristics and circumstances that mark an insured for exclusion. And the insured or insureds to be excluded must bear the marks and traits, or conform with the circumstances, described and particularized in the exclusion clause as the basis for exclusion.

The pertinent language of the exclusion clause shown hereinabove is as follows:

"This policy does not apply:

"(c) * * * to any obligation for which the insured * * * may be held liable under any workmen's compensation law;

"(d) * * * to bodily injury to * * * or death of any employee of the insured while enaged in the employment * * * of the insured * *. *."

Under the foregoing provisions, an insured, who may be liable for workmen's compensation or whose employee may suffer injury or death while engaged in his employment, is excluded from coverage. The basis for exclusion is the existence of an employer-employee relationship between the insured and the injured, and the insured must be identified as the employer to be subject to exclusion. In the absence of an employer-employee relationship between the insured and the injured, exclusion does not apply to the insured, and the latter remains under the protective coverage of the policy.

This brings us to the question initially stated: whether Mitchell is "the insured" who is marked and identified by the provisions of the exclusion clause as the insured subject to exclusion from coverage. The pleadings describe Mitchell as an independent contractor, from which no implication can be drawn showing any other kind of relationship between him and Southern. Both the pleadings and the policy show Mitchell and Southern to be separate and distinct individuals, and the pleadings disclose that they have separate and distinct interests. There can hardly be any dispute as to whether Mitchell is the insured sought to be excluded from coverage by the exceptions, because he is the *only* insured against whom liability is sought and through whom Employers', the exceptor, is sought to be held. Insofar as the pleadings

are concerned, there is no other insured involved in this proceeding. But even if any other insured or any number of insureds were involved directly or indirectly and whether or not their liability was sought, the test of identification for exclusion must be applied to each specifically and not to all collectively, as heretofore shown, and the exclusion or non-exclusion of any insured has no reference or relevance to that of any other insured where there is no connection or relationship between them. In this case, Mitchell and Southern are separate, distinct and unrelated individuals with separate and distinct interests, and under the pleadings before us Mitchell is the only insured from whom liability is demanded and who is sought to be excluded. Therefore, he is unquestionably the relevant insured here, and the test of the exclusion clause must be applied to him to determine whether he is an insured whose identity marks him for exclusion from coverage.

The basis for exclusion (supra) is the existence of an employer-employee relationship between the insured and the injured, and identification of the insured as employer. The undisputed facts presented for consideration under the exceptions show that there was no relationship whatsoever between Mitchell and the decedent Pullen, which circumstance emphasizes total lack of any relationship between them as employer and employee, the sine qua non for exclusion. Thus, there is no basis for excluding Mitchell, and he remains under the protective coverage of Employers' liability policy.

Accordingly, for the reasons assigned, the judgment of the Court of Appeal, Orleans Circuit, and the judgment of the district court are reversed, annulled and set aside. It is now ordered, adjudged and decreed that there be judgment herein overruling the exception of no cause of action; and that this cause be remanded to the district court for proceedings in accordance with law and not inconsistent with the views herein expressed.

DUPONT, Justice ad hoc concurs with written reasons.

HAMITER, J., dissents with written reasons.

HAWTHORNE, J., dissents, and concurs in the dissenting opinion of HAMITER, J.

McCALEB, J., dissents with written reasons.

SIMON, J., recused.

DUPONT, Justice ad hoc (concurring).

The cause of action herein is directed at (1) V. J. Mitchell and (2) the Employers' Liability Assurance Corporation, Ltd., as his liability insurer, in solido. Mrs. Pullen contends that her husband's death was due to the negligence of Mitchell, an independent contractor, and that when Mitchell became liable under the law he was covered and protected against liability under an insurance policy issued by Employers' Liability Assurance Corporation which was then and there in full force and effect.

*There is no dispute as to Mitchell meeting coverage requirements as specified* under the heading "Definition of Insured" contained in said policy. *There is disagreement,* however, only as *to whether or not the said exclusion provisions of said policy deprive the tortfeasor Mitchell and Plaintiff 'Mrs. Pullen from the protection and benefits of said policy of liability insurance.*

An examination of the pertinent provisions of said policy reveals that *an insured* (obviously including both the named and also the omnibus insured) *is not entitled to* the protection and insurance benefits *afforded by said policy only in those cases* where the person negligently injured or killed by him is an employee of the particular insured who may be held liable on any obligation under the workmen's compensation law.

Certainly, there are no words, contained anywhere in said policy, which recite, or

could be interpreted to mean, that any insured, covered in the definition of insured in said policy, would not be protected against liability due to his negligence in injuring or causing the death of a person not employed by him or to whom he is not obligated under the workmen's compensation law. And words, providing for exclusions and exceptions in liability insurance contracts, must be clearly set forth in the policy and cannot under any rules of law or equity be supplied by the court to enlarge or supplement the exclusion provisions of said policy.

It appears, therefore, that "since Pullen was not in the employ of Mitchell and that as Mitchell was not liable for any workmen's compensation benefits, the exclusions relied upon by appellee have no application and the omnibus coverage afforded Mitchell is unaffected thereby."

HAMITER, Justice (dissenting).

In holding untenable the contention of the claimants herein (plaintiff, Mitchell and Maryland), and in sustaining the defense of Employers', the Court of Appeal made specific reference to the definition contained in the omnibus clause under which Mitchell became an additional insured and it concluded that, in view of the definition, he (Mitchell) was subject to the same conditions and limitations respecting the policy's coverage as was the named in-

·sured, Southern. Thus, to quote from the ·opinion of that tribunal, 72 So.2d 353, 355, it observed: "An examination of the poli-·cy leads to the conclusion that it is not ·open to such a construction as appellants contend for. The contract states specifical-·ly and unambiguously that *'the unqualified word "insured" includes the named insured.'* To hold for appellants would necessitate striking out of the policy such quoted language of the insuring agreements. (Italics ·ours.)

"Such definition of the 'insured' in the ·omnibus clause has the effect of placing the persons covered by the omnibus clause in ·exactly the same position as the named insured, and subject to all of the conditions of the policy as they would apply to the named ·insured, and subject to all the limitations ·upon coverage set forth in the policy. Hence, since Pullen was an employee of :Southern Equipment & Tractor Co., the named insured, the latter was liable to his ·widow under the compensation statutes, :and so Pullen's death was excluded from coverage whether the person causing the death be the named insured or a person ·to whom the omnibus clause applies, even though the latter is not liable for the providing of the compensation benefits. If a ·contrary view were to be taken, it would ·be equivalent to saying that the insurer's liability is greater as to Mitchell, an omnibus insured, than it would have been to .Southern Equipment & Tractor Co., if said named insured through negligence on its part had been responsible for Pullen's death."

With such conclusion and observation I fully agree. It may be added that to give the exclusions the meaning that claimants contend for, and thus to overcome the plain definition contained in the omnibus clause that the unqualified word "insured" includes the named insured as well as an additional insured, there would have to be written into such exclusions a restrictive phrase such as the "employee of the insured against whom liability is sought to be imposed" or "employee of the insured tort feasor".

Furthermore, an interpretation of the exclusions in the manner suggested by claimants might well lead to results obviously not contemplated by the parties to the insurance contract. For example, under that interpretation, if Southern had not carried workmen's compensation insurance it would have a right and a cause of action against the tort-feasor Mitchell and also against its own public liability insurer (Employers') to recover all workmen's compensation which it is obligated to pay to Pullen's widow. See Board of Commissioners of Port of New Orleans v. City of New Orleans, 223 La. 199, 65 So.2d 313. The liability policy in question under those circumstances would furnish to Southern both workmen's compensation and public liability insurance.

On behalf of claimants it is argued that the provisions of the exclusions are ambiguous and, hence, that the adoption of the suggested interpretation is required by the well established and widely recognized rule that where policy provisions are attended with ambiguity they are to be construed strongly against the insurer and in favor of the insured. My view is that such provisions are not ambiguous, and it accords with the views of numerous courts of other jurisdictions that have construed similar insurance verbiage as I do herein. Lumber Mutual Casualty Insurance Co. of New York v. Stukes, 4 Cir., 164 F.2d 571; Webb v. American Fire & Casualty Co., 148 Fla. 714, 5 So.2d 252; Standard Surety & Casualty Company of New York v. Maryland Casualty Co., 281 App.Div. 446, 119 N.Y.S.2d 795; Pearson v. Johnson, 215 Minn. 480, 10 N.W.2d 357; Continental Casualty Company v. Pierce, 170 Miss. 67, 154 So. 279; Gibbs v. Employers' Mutual Liability Insurance Co. of Wisconsin, 224 N.C. 462, 31 S.E.2d 377; Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725; Vaughn v. Standard Surety & Casualty Co., 27 Tenn.App. 671, 184 S.W.2d 556, certiorari denied by Sup.Ct.; Associated Indemnity Corporation v. Wachsmith, 2 Wash.2d 679, 99 P.2d 420, 127 A.L.R. 531; Shawcroft v. Standard Accident Insurance Co. of Detroit, 177 Wash. 106, 30 P.2d 987. Even the few tribunals of other jurisdictions adopting a contrary construction have not found ambiguity. Kaifer v. Georgia Casualty Co., 9 Cir., 67 F.2d 309; Sandstrom v. Clausen's Estate, 258 Wis. 534, 46 N.W.2d 831; Shanahan v. Midland Coach Lines, 268 Wis. 233, 67 N.W.2d 297.

I respectfully dissent.

McCALEB, Justice (dissenting).

The language of the insurance policy is precise and unambiguous. Hence, there is no necessity for interpretation; the contract is the law between the parties and should be enforced as written. Article 1901, Civil Code.

Exclusions (c) and (d) declare that the policy does not cover injuries to an employee of the "insured" and the policy defines the word "insured", when used unqualifiedly, to include the "named insured" and also any person using the vehicle with the consent of the named insured. Thus, since plaintiff's husband was an employee of the named insured, liability for his death was excluded from coverage. To my mind, it is as simple as that and further comment is superfluous, except to say that I am in full agreement with the views expressed by the Court of Appeal, see 72 So.2d 353, and the many authorities which support its opinion. See 127 A.L.R. 531 et seq.

I respectfully dissent.