103 So.2d 304 (1958)
Shelby JACKSON, Plaintiff-Appellant,
v.
AMERICAN AUTOMOBILE INSURANCE COMPANY et al., Defendant-Appellee.
Bituminous Cas. Corporation, Intervenor.
No. 4621.
Court of Appeal of Louisiana, First Circuit.
May 26, 1958.
*305 Wood & Jackson, Leesville, for appellant.
LeCompte Hall & Coltharp, DeRidder, for intervenor.
King, Anderson & Swift, Lake Charles, for appellee.
FRUGÉ, Judge ad hoc.
This is an appeal by plaintiff from a judgment maintaining an exception of no right or cause of action filed by the defendant American Automobile Insurance Company with respect to suit filed by plaintiff for damages by reason of personal injuries received by plaintiff while riding in a truck involved in an accident in Beauregard Parish December 5, 1956.
Bituminous Casualty Corp., alleging that it paid plaintiff workmen's compensation for the injuries he sustained in the accident, intervened, as subrogee, for the amount of compensation that it paid.
The exceptions of no right or cause of action filed by defendant, American Automobile Insurance Company was submitted to the trial court upon the face of the pleadings plus the facts stipulated in an agreed statement of facts filed by the defendant on the trial of the exception without objection.
A summary of the facts show that plaintiff Jackson and defendant Gamble were both employed by defendant, Flynn, and both were, at the time of the accident acting within the scope and course of their employment, Gamble driving the truck, owned by Flynn, and plaintiff riding with him; Gamble's negligent operation of the truck caused the accident which produced the personal injuries for which plaintiff seeks recovery; Flynn, at the time of the accident was engaged in the performance of a contract with Goodeaux, who, in turn, was acting under a contract with R. A. Scalfi, to supply stumpwood to a certain chemical plant; intervenor, Bituminous Casualty Company, as Scalfi's compensation insurance carrier, paid plaintiff workmen's compensation for the injuries he received in the accident; at the time of the accident, there was in effect, in favor of Flynn, a public liability insurance policy, issued by defendant, the American Automobile Insurance Company, a copy of which is attached to the stipulation and filed therewith.
Exceptor's position is that, under the facts, Flynn's public liability insurance policy specifically excludes plaintiff's recovery herein against it, the insurer, for the reason that it clearly provides that no insurance is afforded an employee driver (Gamble) with respect to another employee (plaintiff Jackson) of the same employer where the injuries were sustained when engaged in that employment. Exceptor contends that the factual situation here is identical with that in the case of Arceneaux v. London Guarantee & Accident Company, 87 So.2d 343, in which the Court of Appeal for the First Circuit denied recovery against the insurer, and, that therefore, accepting those facts as true, plaintiff here cannot recover against this insurer from which it follows no cause or right of action is shown.
Plaintiff and intervenor, on the other hand, contend that the facts of this case, and the provisions of the policy here under consideration, are similar to those considered in the case of Pullen v. Employers Liability Insurance Company, 230 La. 867, 89 So.2d 373, in which the Supreme Court held the insurer liable. It is maintained that the construction placed on the provisions of the policy in that case is controlling here and especially in view of certain dicta appearing in the opinion of the Court of Appeal, First Circuit in Spurlock v. Boyce-Harvey Machinery, Inc., 90 So.2d 417.
The Supreme Court in the Pullen case allowed recovery. The facts in the Pullen case are that Mitchell, not an employee of Southern Equipment and Tractor Company, but held to be an independent contractor, while at Southern's request, helping to load Southern's truck, insured by Employers, *306 against public liability, negligently killed Pullen, Southern's employee, for whose death Southern's compensation insurance carrier paid the surviving widow compensation insurance. Pullen's widow sued Employers and Mitchell as an additional insured under the omnibus clause of the policy. Employers relying on employee and workmen's compensation exclusive provision of the policy denied liability.
What the Supreme Court did in the Pullen case was not to adopt a particular principle of law, but rather to construe certain provisions of the insurance contract under which the insurer was sought to be held as those provisions applied to the facts before it. Accordingly, in order to determine what, if any, application the Pullen opinion had on this case we have to compare and analyze not only the facts of the two cases as those facts have been set out above, but also the pertinent provisions of the respective insurance contracts.
The pertinent provisions of the insurance contract in the Pullen case as taken from the Supreme Court's opinion (89 So. 2d 374) are as follows:
"`Definition of "Insured".
"`The unqualified word "insured" includes the name insured and also includes * * * (2) * * * any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. * * *
"`This policy does not apply:

* * * * * *
"`(c) under Coverages A and B * * * to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;
"`(d) under Coverage A, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment * * * of the insured * * *.'"
The comparable provisions of the policy in the case now under consideration, are as follows:

"Insuring Agreements

* * * * * *
"III. Definition of Insured
"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

* * * * * *
"(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

* * * * * *

"Exclusions
"This policy does not apply:

* * * * * *
"(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation *307 law, or (2) other employment by the insured;
"(e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;" (Italics supplied by this Court.)
We have no difficulty in a study of the above policy provisions to see why the Supreme Court allowed recovery in the Pullen case and why the Court of Appeal denied recovery in the Arceneaux case. It is evident that the issues presented in the case at bar comes squarely within the holdings of the Arceneaux decision and not under the Pullen case. The facts and the policy provisions in the case at bar and the Arceneaux case are identical.
The Supreme Court, construing the contract in the Pullen case held that the term "insured" as used in that contract, applies to the named and the additional insureds severally and not collectively, and that, therefore, the employment relationship between the named insured and the person injured (Southern and Pullen) was immaterial, where the tort was committed by the additional insured, who was Mitchell, between whom, and Pullen, no relationship existed. The definition of "insured" in that policy, contained no such or similar provision, as is contained in the Flynn policy, quoted above and reading:
"The insurance with respect to any person or organization other than the named insured or such spouse does not apply:

* * * * * *
"* * * to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."
In the case at bar both plaintiff Jackson and Gamble were co-employees of the same employer, Flynn, and since both were employed by the same employer and plaintiff was injured while both were engaged in the same employment in an accident arising out of the use of the insured truck in the business of that employer, it is clear that the factual situation is not the same as in the Pullen case.
Plaintiff seeks to interpret the contract to come under the holding of the Supreme Court in the Pullen case whereas exceptor points out that the facts here are identical to the facts in the Arceneaux case, decided by this Court. We quote with approval part of the judgment of the trial court in this case:
"First, both opinions involved, primarily, nothing more than a construction of the facts of a particular case, that is, what did the provisions of the contract being considered in that case, as applied to the existing facts, mean. As we have seen, both the factual situation and the provisions of the respective policies were entirely different in the two cases. Of course, if the facts of our case, and the provisions of the Flynn policy, were the same as those in the Pullen case, or so similar as to lead to the belief that the Supreme Court would construe them as they did in that case, I, as a judge of an inferior Court, would be bound to place the same construction on both in this case, and that would be true, irrespective of what was held in the Arceneaux case, whether before or after the Pullen opinion was handed down. However, that, as I have pointed out, is not the situation that confronts us. Neither the facts nor the applicable provisions of the two policies are the same, or even so similar, as to render the Pullen case appropriate here. Judge Lottinger, in the Arceneaux case, when the facts and the policy provisions were the same as here, recognized that as being true, when, *308 in referring to the decision of the Orleans Court of Appeal, in the Pullen case, 72 So.2d 353, he said:
"`We feel, furthermore, that the facts in that case are not identical to the ones before us, and, therefore, feel that said decision should not influence us, although, in that case, exceptions, similar to the ones here presented, were maintained.'"
Since the case at bar comes full square under the Arceneaux case it follows that the Spurlock case is not applicable here nor is the case of Neal v. Travelers Indemnity Company (unreported) decided by the Western District of Louisiana, U. S. District Court.
For reasons assigned, the judgment of the District Court maintaining the exceptions of no right or cause of action are affirmed. Cost of appeal to be borne by appellant.
Judgment affirmed.