LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff from a judgment of the Lower Court which sustained an exception of no cause of action filed by the defendant liability insurer.
The original and supplemental petitions recite that the plaintiff, Cecil Shirey, was injured as the result of the negligent operation of a truck by one Mazzie Rudison. The truck was owned by Herbert Hoover who carried a policy of liability insurance with defendant Travelers Insurance Company. Both plaintiff and Rudison were employees of Hoover and were engaged in the business of their employer at the time of the accident.
The exception is founded on the wording of an exclusion clause in the policy. This exclusion is found in Insuring Agreements, III Definition of Insured (a) (2) which is as follows:
“HI. Definition of Insured.
“(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply: (Italics ours.)
ifc ‡ 5‡« ‡ JjC
“(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of stick employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.” (Italics ours.)
The factual situation alleged here is identical with that presented in the case of Jackson v. American Automobile Insurance Company, La.App., 103 So.2d 304, handed down by us on May 26, 1958. The *304 same arguments and authorities are put before us by counsel for plaintiff as were urged in the Jackson case, supra, and being convinced of the correctness of our holding therein now as we were then, we abide by it. See also Arceneaux v. London Guarantee & Accident Co., La.App., 87 So.2d 343.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.