136 So.2d 91 (1961)
Lawrence JAGNEAUX
v.
AMERICAN AUTOMOBILE INSURANCE COMPANY et al.
No. 441.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1961.
Rehearing Denied January 15, 1962.
Certiorari Denied February 20, 1962.
*92 Lewis & Lewis, by Seth Lewis, Sr., Opelousas, for defendants-appellants.
Dubuisson & Dubuisson, by Edward Dubuisson, Opelousas, for defendants.
H. Garland Pavy, Opelousas, Tate & Tate, by Paul Tate, Mamou, for plaintiff-appellee.
Before FRUGE, SAVOY and CULPEPPER, JJ.
SAVOY, Judge.
This matter involves a suit brought by Lawrence Jagneaux, appellee, against American Automobile Insurance Company, appellant, under LSA-C.C. Article 2315, for injuries received while riding in a pickup truck belonging to his employer, Alfred St. Martin, and being driven at the time by one of his co-employees, Conrad Jagneaux. The truck collided with a train at an intersection on Maple Street in the City of Eunice. The undisputed facts leading up to the accident are that the plaintiff and Conrad Jagneaux, the driver of the truck, just prior to and for some time previous to the accident, had been doing carpentry work for Alfred St. Martin, the public liability insured of appellant, American Automobile Insurance Company, in the building of a house immediately east of the corporate limits of the City of Eunice, St. Landry Parish, Louisiana. A pickup truck belonging to St. Martin, a building contractor, had been placed in charge of Conrad Jagneaux for the transportation of himself, the plaintiff and other workers who lived in Lawtell, which is an unincorporated town approximately seventeen miles east of where they were building the house just off of U.S. Highway 190. After work, on the day of the accident, the plaintiff and his brother loaded their tools on the truck and started for home. When Conrad Jagneaux reached U.S. Highway 190, he told his brother that he was going "to make a round for a clock." The clock of his mother-in-law was being repaired by a tinker in the City of Eunice. Thereupon, Conrad Jagneaux drove several blocks into the City of Eunice, passed the house of the clock repairman and seeing that he was not at home headed the truck toward Lawtell. It appeared from the testimony that the deviation involved a matter of two blocks from the direct route back to Lawtell where the plaintiff was to be transported. The driver of the truck gave as his reason for coming back on Maple Street rather than U.S. Highway 190 was to miss all of the traffic lights along the other route. No one questions the fact that at the time of the accident, the driver was headed eastwardly toward Lawtell, but he had simply used Maple Street instead of U.S. Highway 190, the two streets paralleling each *93 other, and running in a general east-west direction. While traveling in this manner, Conrad Jagneaux came upon a vehicle ahead of him which was either stopped or stopping and instead of determining the reason why the preceding motorist had slowed the forward motion of his vehicle, Conrad Jagneaux went into the left lane and proceeded on, and, thereupon, collided with a switching freight train.
As a result of the accident, plaintiff filed the instant suit in tort and at the same time filed a workmen's compensation suit against Alfred St. Martin, his employer, and Marquette Casualty Company, the compensation insurer of the employer. The two cases were consolidated for trial. All of the testimony in both cases is found in the record in the instant case. The compensation suit entitled Jagneaux v. Marquette Casualty Company et al., 135 So.2d 794, has been decided by us this date.
In the instant case, the district judge held that plaintiff can recover in tort. This appeal followed.
Defendants filed exceptions of no cause of action and no right of action, which were referred to the merits. The principal defense to the suit was that under the terms of the policy of insurance wherein the employer's car was insured, the policy was not applicable in case an employee was hurt, and in that instance, the state compensation law would apply. We hereby quote the applicable portion of the policy in the instant case. The "Insuring Agreement" provides:
"Definition of InsuredWith respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:
"(a) * * * (Not applicable here).
"(b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."
The exclusions in the policy read as follows:
"This policy does not apply:
"(a) * * * (Not applicable).
"(c) Under coverage A and B to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment, if benefits therefor are either payable or required to be provided under any workmen's compensation law;
"(d) * * * (Not applicable).
"(e) Under coverage `A', to any obligation for which the insured or any company as his insurer may be held liable under the workmen's compensation law; * * *"
In the case of Arceneaux v. London Guarantee and Accident Company, Ltd. (La.App., 1 Cir., 1956), 87 So.2d 343, the First Circuit Court of Appeal decided a similar case with a similar insurance policy adversely to the contentions advanced by plaintiff in the instant case. The facts in the case of Arceneaux v. London Guarantee and Accident Company, Ltd., supra, were that Lawrence Joseph Arceneaux was fatally injured on January 23, 1953, when he was run over by a truck owned by Morton Salt Company, whose liability insurer was London Guarantee and Accident Company, Ltd., and operated by its employee, Ray Broussard. Broussard, at the time of the accident, was operating a Ford truck. *94 He was backing the truck and Arceneaux was struck as he was standing with his back toward the truck. It was stipulated that both Broussard and the deceased were employees of Morton Salt Company, and that both were working within the scope and course of employment at the time of the accident. The district court and the court' of appeal both held that under identical exclusions in the policy as that in the instant case there could be no recovery under the tort law, but recovery must be had under the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq.
Counsel for plaintiff in oral argument and in his brief stated that the case of Arceneaux v. London Guarantee and Accident Company, Ltd., supra, had been overruled by the cases of Pullen v. Employers' Liability Assurance Corporation, Ltd., 230 La. 867, 89 So.2d 373 (1956), and Spurlock v. Boyce-Harvey Machinery, Inc. (La.App., 1 Cir. 1956), 90 So.2d 417. A reading of these two cases shows that they are clearly distinguishable from the Arceneaux case, supra, for the reason that the exclusion clauses of those cases differed from that in the Arceneaux case, supra, and in the present case.
Counsel for the plaintiff argues that Arceneaux v. London Guarantee and Accident Company, supra, as well as Jackson v. American Automobile Insurance Company (La.App., 1 Cir., 1958), 103 So.2d 304, are distinguishable from the instant case. Plaintiff contends that in the Arceneaux and Jackson cases the plaintiff, employee, was injured while he was actually on the premises of the named insured, employer, during the course and scope of the actual business of the said employer and that the plaintiff was injured by an automobile on said work premises being used at the time in the actual "business of such employer." Plaintiff argues that the facts of the instant case are distinguishable because here the plaintiff, at the time of his injury, was not on his employer's premises nor engaged in the employer's business, and further that the automobile which caused his injury was not at the time being used "in the business of such employer" but was instead being used to transport employees to their respective homes after working hours. Plaintiff argues that even though, for purposes of coverage under the workmen's compensation act, he might be considered to have been injured in the course and scope of his employment, this does not necessarily mean that, within the contemplation of the liability policy herein sued on, the plaintiff was "injured in such employment" or that the automobile was being maintained or used "in the business of such employer". We cannot agree with this attempted distinction. In the instant case the plaintiff, employee, was injured while being transported home after work by his employer under the contract of employment, in a vehicle furnished by the employer and being driven at the time by a co-employee of the plaintiff, under directions and instructions of their common employer. Under these facts plaintiff, at the time of his injury, was clearly "injured in such employment" by an automobile being used "in the business of such employer" as these terms are used in the so-called "co-employee clause" which is quoted hereinabove from the insurance policy.
For the reasons assigned, the judgment of the district court is hereby set aside, annulled and reversed, and judgment is hereby rendered in favor of defendants, Alfred St. Martin and American Automobile Insurance Company, and against plaintiff, Lawrence Jagneaux, rejecting his demands and dismissing his suit at his costs.
Reversed and rendered.

On Application for Rehearing. En Banc. Rehearing denied.