SARTAIN, Judge.
Plaintiff-Appellant, Elmus H. Welch, demands recovery from defendants Robert Thompson, T. L. James & Company, Inc., and its liability insurer, National Surety Corporation for bodily injuries, medical,, hospital and related expenses incurred in a head on collision between a pickup truck owned by Spohrer Construction Company and operated by plaintiff, and a cement mixer truck, owned by T. L. James, allegedly on loan to Spohrer Construction Company and driven by the defendant, Thompson.
The accident occurred at noon on January 15, 1965, on State Route 1051 (Old Highway 51) between Tangipahoa and Kentwood. The cement mixer, for some inexplicable reason, crossed the center line of the highway and collided with Welch, who never veered from his proper lane. It was stipulated that Welch was not contrib-utorily negligent. As a result of the accident, Welch received severe and near fatal injuries.
Hartford Accident and Indemnity Co., the workmen’s compensation insurer of Spohrer, paid thirteen weeks of workmen’s compensation at the rate of $35.00 per week, compromised by court approved settlement his additional claims for workmen’s compensation for the sum of $3,500.-00, and discharged the limit of its medical responsibility in the sum of $2,500.00.
Hartford intervened in the suit, seeking recovery of these workmen’s compensation *546 payments and medical expenses. Defendant Thompson failed to appear, a default was confirmed and judgment was rendered in favor of the plaintiff and against Thompson in the amount of $19,443.52 recognizing the claim of the intervenor in '.the amount of $6,455.00 as a privileged 'charge against both the principal and interest of the judgment. There was judgment in favor of defendants T. L. James and National, dismissing plaintiff’s and inter-venor’s demands against them. Plaintiff ■ and intervenor have appealed from this .judgment.
The main defense urged by National Surety is predicated on a clause in the insurance policy issued by said insurance ■company to T. L. James. The pertinent portions of the above mentioned policy are as follows:
I. Coverage A — Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.

III. Definition of Insured: The unqualified word ‘insured’ includes the named insured and also includes * * * (2) under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. The insurance with respect to any person or orga-nisation other than the named insured does not apply under division (2) of this insuring agreement.
(Emphasis added)

(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer;” (Emphasis added)
National Surety, in order to avail itself of the exception of the definition of “insured” contends that (1) Welch and Thompson are co-employees of T. L. James due to the fact that T. L. James and Spohrer were engaged in a joint venture in the construction of a portion of 1-55 in Tangipahoa Parish, or in the alternative (2) the above mentioned employees were in the employ of Spohrer at the time the accident occurred.
We are in full accord with the trial judge’s disposition of the above contentions :
“* * * This * * * joint venture contention is not impressive. The evidence clearly reflects that, while James and Spohrer were both engaged in work on this same section of the interstate system, and had close corporate connections, their operations were separate in character, and each corporation was concerned with separate parts of the endeavor, maintained separate work forces and payrolls with James being responsible for the embankment and paving of the route and Spohrer addressing itself to the structural and bridge work.
There is no evidence to contravene the equipment report records of James, though in the instance perhaps self serving, showing that at the time of the accident the unit in question, the cement mixer truck, was on loan from James to *547 Spohrer, and that such was the case for more than a year previous thereto.
The sworn testimony and the stipulations establish that Welch and Thompson were both at the time of the accident employees of Spohrer, and that these men were then engaged in the discharge and performance of the duties of their employment of Spohrer.”
Both plaintiff and defendant were employees of Spohrer Construction Company and were working in the course and scope of their employment at the time of the accident. Under the clear and explicit wording of the policy, with respect to the definition of “the insured”, Thompson was not covered when he injured Welch.
The instant case is strikingly similar to Bevans v. Liberty Mutual Insurance Company, 4 Cir., 356 F.2d 577 (1966). Bevans and Dennis were employees of Danko Pattern & Manufacturing Company and were acting within the scope of their employment at the time of the accident. Arlington Bronza and Aluminum Company, which was insured by Liberty Mutual Insurance Company loaned its truck to Dan-ko. Dennis, the negligent driver of the vehicle was sued by Bevans, the injured passenger. Liberty based its defense upon a fellow employee exception contained in the definition of “Insured.” This provision was identical to the clause under consideration in the present case. In denying coverage, the court stated:
“* * * ah the clause says is that where a party calling for insurance and the party claiming the injury were employed by the ‘same employer’ then the party calling for insurance is excluded from being an additional insured under the contract. In more precise terms the clause simply means that if you cause injury to your fellow-employee you cannot call for protection as an additional insured. Certainly there is nothing ambiguous or misleading in such a statement.”
Intervenor, Hartford, contends that Thompson was an omnibus insured and advances the theory that the co-employee exception found in the definition of insured is susceptible to another and more sound interpretation. Hartford avers that
“The fellow employee limitation was designed to prevent one person, on the basis of one injury, from making two recoveries from the same insurance company or employer. It was not designed to prevent one employee from making a recovery from two different insurance companies.”
In the following cases cited by interven- or, Arceneaux v. London Guarantee & Accident Company, La.App., 87 So.2d 343; Jackson v. American Automobile Insurance Company et al., La.App., 103 So.2d 304; Shirey v. Travelers Indemnity Co. et al., La.App., 127 So.2d 303, are found situations in which the negligent and injured workers were co-employees of the company which owned the vehicle in question and which also was liable in workmen’s compensation. In each case, recovery was denied. Intervenor urges that in the case at bar, no one company will be liable for both workmen’s compensation and general liability insurance because Hartford has already paid workmen’s compensation. Intervenor further contends that the phrase “same employer” should be construed to mean “the same employer who is also the owner of the truck.” It is not within the province of this court to rewrite the provisions of an insurance policy which is clear and unambiguous. In order for intervenor’s views to prevail, this court would be compelled to insert the words “named insured” in place of the phrase “same employer”. This we cannot do.
Intervenor also cites the Supreme Court case of Pullen v. Employers’ Liability Assurance Corporation, Ltd., et al., 230 La. 867, 89 So.2d 373. This case is inapplicable for several reasons: (1) The omnibus clause found in the Pullen case is materially different in that it does not contain a *548 fellow employee exception and (2) The Court, in Pullen, having found that the claimant was an insured, addressed itself to the “Exclusions” in the policy.
In the case at bar, there is no need to consider the “Exclusions” because neither Thompson nor his employer, Spohrer, can escape the provisions found in the definition of “Insured.” Myers v. Fidelity & Casualty Company of New York, La.App., 152 So.2d 96.
We are of the firm opinion that under the definition of “insured” the defendant insurance company is relieved of liability herein and the judgment of the district court is hereby affirmed at appellant’s cost.
Affirmed.