MORIAL, Judge.
This is an appeal from a judgment of the District Court holding Liberty Mutual Insurance Company liable to plaintiff, Albert Howard, for damages in tort.
On September 14, 1973 plaintiff was injured in a vehicular accident while in the course and scope of his employment with Dixie Labor Service, Inc. (Dixie Labor). The accident occurred while plaintiff was a passenger in a truck being operated by his co-employee, Cecil Johnson. The vehicle involved had been leased by Branton Insulators, Inc. from Dixie Leasing, Inc. Except for the similarity in names, Dixie Leasing, Inc. has no connection whatsoever with Dixie Labor Services, Inc.
On May 13, 1974 plaintiff filed suit against Dixie Labor and its insurer, Insurance Company of North America, (INA) seeking recovery of workmen’s compensation benefits. On June 7, 1974 INA answered and made a third party demand for indemnity against the driver of the vehicle, Cecil Johnson and the insurer of the vehicle, Liberty Mutual Insurance Company (Liberty Mutual). Thereafter, plaintiff brought suit in tort against Cecil Johnson and Liberty Mutual. The two suits were subsequently consolidated for trial.
After trial on the merits the negligence of Johnson was found to have been the sole cause of the accident and judgment was rendered in favor of plaintiff and against Liberty Mutual in the amount of $2,000.00. Judgment was also rendered in favor of third party plaintiff, INA and against third party defendants, Liberty Mutual and Cecil G. Johnson, jointly, severally and in solido in the amount of $726.-34 representing reimbursement for the amount paid Howard in workmen’s compensation benefits. Liberty Mutual appeals. We reverse.
The single issue for our determination on this appeal is whether plaintiff may recover damages under the terms of the liability insurance policy issued by Liberty Mutual to its insured, Dixie Leasing, Inc.
The policy provides as follows:
“III Definition of Insured (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured and, if the named in *718 sured is an individual, his spouse, if a resident of the same household and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by named insured or said spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or said spouse does not apply:

“(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.”
Liberty Mutual contends that under the so-called “fellow employee exception” contained in subsection (2), coverage is excluded for injuries inflicted by one employee upon a fellow employee where, as in the instant case, said employees are in the course and scope of their employment.
Plaintiff contends that the “fellow employee exception” is inapplicable in this case due to the absence of an employer-employee relationship between the owner of the truck and plaintiff.
We believe Welch v. National Surety Corporation, 206 So.2d 545 (La.App. 1 Cir. 1968), is entirely dispositive of the issue before us. This case involved the same policy provision and a collision wherein an employee was injured in a truck which had been loaned to his employer and which was being driven by a fellow employee while both were in the course and scope of their employment. In denying liability, the court held that under the clear and explicit wording of the policy, the driver was not covered under the definition of “the insured” when his fellow-employee was injured. It was argued, as plaintiff argues here, that the phrase “same employer” contained in the “fellow employee exception” should be construed to mean “the same employer who is also the owner of the truck.” The court dismissed this contention by stating at page 547:
“It is not within the province of this court to rewrite the provisions of an insurance policy which is clear and unambiguous. In order for intervenor’s views to prevail, this court would be compelled to insert words ‘named insured’ in place of the phrase ‘same employer’. This we cannot do.”
We fully agree with the reasoning of Welch. The wording of the exception is clear and unambiguous. It is of no moment that the truck’s named insured and plaintiff’s employer are not one and the same. In order for the exception to apply it is only necessary that the employees be in the course and scope of their employment with the same employer when the accident occurs. Clearly, these conditions are satisfied here. Accordingly, there is no liability coverage.
For the reasons assigned, the judgment of the trial court is hereby reversed and it is now ordered that there be judgment dismissing plaintiff’s suit against Liberty Mutual Insurance Company and also dismissing the third party demand of Insurance Company of North America against Liberty Mutual Insurance Company. Plaintiff and third party plaintiff are to pay all costs.
REVERSED.