LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment dismissing his action against Continental Insurance Company (Continental), as alleged insurer of defendant Merril J. Brown, for damages for personal injuries sustained in an automobile accident. At the time of the accident, Brown, District Supervisor for St. Mary Parish Waterworks District No. 5 (District), was driving a pick up truck owned by District. Appellant, a District employee, was riding in the truck and was injured due to Brown’s alleged negligent operation of the vehicle. The trial court sustained Continental’s exception of no cause of action upon finding that Brown was not afforded coverage by either the Comprehensive General Liability Policy or the Comprehensive Automobile Liability Policy issued by Continental to District. We affirm.
Appellant’s petition alleges his employment by District as a meterman. He also alleges he was injured on July 1, 1974, during the course of his employment. The mishap is alleged to have occurred when Brown, who was driving the truck in the course of Brown’s employment, negligently backed the vehicle into a levee and injured Appellant who was sitting in the back of the vehicle with a fellow-employee meter reader. It is additionally averred that Brown was in the act of driving the vehicle from location to location so that the meter readers could perform their duties.
Paragraph 6 of Appellant’s petition recites:
“St. Mary Parish Waterworks District No. 5, petitioner’s employer, is a public body engaged in the business of furnishing water to citizens of the Centerville area and in connection with its requirements, it must necessarily employ persons such as petitioner to read water meters, etc. During the ordinary and regular course of the performance of its business, the St. Mary Parish Waterworks District No. 5 delegated its duties and responsibilities to Merrill J. (Buster) Brown, its supervisor and chief executive officer who at all times herein pertinent and particularly on July 1, 1974 was directly responsible to oversee the activities of the Waterworks and job .performances of personnel employed by the Waterworks. In that capacity, defendant Brown had a direct responsibility to petitioner and a duty to see to it that petitioner was able to perform his work without unnecessary exposure to injury, and defendant Brown breached that duty owed to petitioner in the above enumerated particulars.”
Appellant alleges that Continental is Brown’s insurer under a Comprehensive Automobile Liability Policy issued to District. Continental denies coverage under its Comprehensive General Liability Policy based on the following exclusion under its coverage provision for bodily injury and property damage liability:
“This insurance does not apply:
* * * * # *
(b) to bodily injury or property damage arising out of the ownership, maintenance, operation, use loading or unloading of
(1) any automobile or aircraft owned or operated by or rented or loaned to any insured. . . .”
In denying coverage under its Automobile Liability Policy, Continental invokes the following provision in Section II, Persons Insured:
“None of the following is an insured:
*733 (1) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment. . .
Applying Pullen v. Employers' Liability Assurance Corporation, 230 La. 867, 89 So.2d 373 (1956), the trial court held Brown was an insured under the Comprehensive General Liability Policy, but not under the Automobile Liability Policy. The trial court also found applicable the quoted exclusion in the Automobile Liability Policy because Brown was Appellant’s fellow employee, consequently there was no coverage under either policy.
Appellant contends the trial court erred in sustaining Continental’s exception of no cause of action despite its holding Brown to be an insured under the Comprehensive General Liability Policy. Appellant argues that, having found Brown to be insured under said policy, the trial court mistakenly applied an exclusion under a different policy-
Relying upon Pullen, above, and Weir v. Williams, 127 So.2d 577 (La.App. 3rd Cir. 1961), Appellant argues the term “insured” must be liberally interpreted in favor of coverage when used in the insuring provision of a policy but must be strictly construed against the insurer when employed in an exclusionary clause. Appellant also suggests that an “executive officer” is not necessarily a “fellow employee” of other employees of a common employer, for all purposes. On this premise, Appellant suggests that the term “fellow employee” as used in the exclusionary clause of the Automobile Liability Policy in question should be strictly construed against Continental and should be interpreted as not including an executive officer which defendant Brown is alleged to be. Appellant adds that since the matter is before the court on an exception of no cause of action, the allegation that Brown is an executive officer is binding insofar as concerns disposition of the exception.
Continental maintains the trial court properly found lack of coverage under its Automobile Liability Policy because the petition alleges facts showing that Brown and Appellant are fellow employees, regardless of Appellant’s characterization of Brown as an executive officer. Continental suggests that the reference to Brown as an executive officer is a legal conclusion, not an allegation of fact. Alternatively, Continental maintains that assuming, arguendo, Brown is an executive officer, he is nevertheless a fellow employee of Appellant and therefore is not afforded coverage under the Automobile Liability Policy. Lastly, Continental urges that the trial court correctly found no coverage under the General Liability Policy but for the wrong reason. In this respect, Continental suggests that coverage under this policy is excluded by the above quoted provision which excludes coverage of “any insured” as regards claims arising out of the operation or use of an automobile.
Assuming, arguendo, that Brown is an executive officer, we find no coverage under the Comprehension General Policy. The policy expressly provides it does not insure any insured against liability arising out of the operation or use of an automobile. The allegations of Appellant’s petition expressly urge Brown’s liability predicated on his negligent operation of a truck. The trial court should have denied coverage on this basis.
We find Pullen, above, factually in-apposite to the question posed regarding alleged coverage under the Automobile Liability Policy. Pullen, above, concerned a policy exclusion excepting coverage as to any obligation for which the “insured” might be held liable for workmen’s compensation benefits or for bodily injury to an employee of the “insured” while engaged in his employment. The insurer contended that because decedent was an employee of the named insured, there was no coverage of the omnibus insured inasmuch as decedent was killed during the course of his employment by the named insured. The court rejected this contention because Mitchell, the omnibus insured, not decedent’s employer, was the insured against whom liability was asserted. The court *734 reasoned that since Mitchell could not be held liable to decedent’s heirs for compensation benefits, the exclusion did not apply to him.
Weir v. Williams, above, is also factually inapposite. This case came up on an exception of no cause of action based on an exclusion similar to that involved in Pullen, above. The court declined to apply the exclusionary clause on the exception because plaintiff’s petition did not aver that the alleged omnibus insured was a fellow employee of plaintiff.
In numerous instances, our jurisprudence has dealt with the so-called “cross-employee” exclusion involved in this instance. We note first, and significantly, Manuel v. Liberty Mutual Insurance Company, 256 La. 480, 236 So.2d 807 (1970), wherein the Supreme Court held there was no coverage, under similar provisions, of an assistant general manager of a chain of retail stores with respect to injuries to a subordinate assistant manager of a particular store. In this case, the injury occurred while the parties were traveling in a vehicle within the course of their employment. While no issue of executive officer relationship was posed in this case, it is interesting that the Supreme Court, nevertheless, sustained the fellow employee exclusion urged by the insurer.
In Jackson v. American Automobile Insurance Company, 103 So.2d 304 (La.App. 1st Cir. 1958), a similar exclusion was held to except coverage of a truck driver who injured a fellow employee in the course of their employment by a common employer.
The same result was reached in Embody v. LeBlanc, 131 So.2d 225 (La.App. 1st Cir. 1961), which involved suit against a carpenter who negligently injured a fellow carpenter while driving a vehicle rented by their common employer. See also Jagneaux v. American Automobile Insurance Company, 136 So.2d 91 (La.App. 3rd Cir. 1961), a truck driver injuring a fellow employee; Welch v. National Surety Corporation, 206 So.2d 545 (La.App. 1st Cir. 1968), the driver of one vehicle colliding with a vehicle being driven by another employee; and Written v. Travelers Indemnity Company, 304 So.2d 715 (La.App. 3rd Cir. 1974).
We pretermit consideration of Appellant’s contention that the term “fellow employee” used in the exclusion in the Automobile Liability Policy should be strictly construed against insurer and should be interpreted to except an executive officer which Brown is alleged to be.
The averment that Brown is an executive officer is not an allegation of fact but a conclusion of law. That Brown is denominated a Supervisor does not make him an executive. We find no factual allegations to support the alleged conclusion that Brown is an executive officer. On the contrary, the allegation that Brown was performing his duties of driving other employees on a meter reading mission is highly suggestive of the conclusion that Brown is not an executive officer. Such duties are normally performed by employees below executive level. The trial court concluded the allegations characterize Brown as an ordinary employee, not an executive. We concur in this finding.
The judgment is affirmed at Appellant’s cost.
AFFIRMED.