## METROPOLITAN CASUALTY INS CO v McPHERRAN et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14953. Decided Jan 27, 1936

E. A. Binyon, Cleveland, for plaintiff in error.

Payer, Corrigan & Cook, Cleveland, for defendants in error.

cover from the Insurance Company is ex-pressly excluded by the provisions of the policy. Entertaining this view, it is our opinion that the trial court should have permitted the Insurance Company to offer and attempt to prove its defense that plaintiff was an employee and that it was error prejudicial to defendant, Insurance Company, to exclude the opportunity to it to make this defense.

The word "public" used in §614-99 GC, does not include those injured while engaged in the performance and promotion of the business of the employer and does not comprehend such employes. The State has made provision for compensatión to employees who have sustained injuries during the course of and growing out of their employment. It is hardly conceivable to be the law that any group of employees in this State should have the double remedy of collecting in tort and collecting compensation under the Workmen's Compensation Act. If this plaintiff be an employee, both remedies would be available to him if the word "public" as used in §614-99 GC, includes employees.

The judgment is reversed as contrary to law and remanded for further proceedings, with exceptions.

TERRELL, J, concurs in judgment.

LEVINE, J, dissents for the reason that the word "public" includes employees.

## OPINION

By LIEGHLEY, PJ.

It is our opinion and judgment that if it be a fact that plaintiff was an employee at the time he sustained his injury that then, and in that event, his right to re-