JOHN CONNELLY, *Ex. vs.* LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA.
FRANCES SILK, *Ex'x vs.* SAME.

NOVEMBER 10, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.  These are actions of trespass on the case.
They were tried together before a justice of the superior
court sitting without a jury and resulted in a decision for the
plaintiff in each case.  Defendant excepted to such decision
and each case is here on defendant's bill of exceptions.  Both
bills raise identical questions and consequently we shall
hereinafter consider them as one bill.

The facts out of which these cases arose are substantially
as follows:  The defendant is the insurer under an automo-
bile liability insurance policy issued to George Grenville
Merrill, of Newport, Rhode Island, who died on January 31,
1938.  Thereafter defendant transferred the deceased's inter-
est in the policy to his widow, Pauline Merrill, who thus
became the named insured.  On February 26, 1938 the auto-
mobile described in the policy was involved in an accident
while being operated by her chauffeur, Augustus Springett.
Riding in the automobile at the time were two domestics
employed in the Merrill household at Newport, Julia A.
Connelly and Elizabeth Silk, both of Great Barrington,
Massachusetts, who were on their way to Stockbridge,
Massachusetts, to open the Merrill home at that place.  As a
result of the accident they were fatally injured and their
personal representatives brought suits for their deaths

against Augustus Springett in the district court of the United States for the district of Rhode Island.

These suits were defended by the insurer on behalf of such defendant and resulted in a judgment of $6000 for the estate of Julia A. Connelly and $7500 for the estate of Elizabeth Silk. Executions were duly issued against the defendant and were returned wholly unsatisfied. Thereupon plaintiffs brought their present actions directly against the insurer.

The plaintiff's declaration in each case contains two counts. The first count is laid under general laws 1938, chapter 155, § 1, which, among other things, substantially provides that an injured party, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against the insurer. The second count is founded solely upon the policy and alleges: "That by the terms of said insurance policy any person or his legal representative has the right to recover under the terms of the policy in the same manner and to the same extent as the insured might recover, if the amount of the insured's obligation to pay has been determined by judgment against the insured after actual trial."

The basic question at issue between the parties is whether the plaintiffs under either count of their declaration brought suit in the United States District Court against the *insured* within the meaning of the statute or of the policy. Defendant contends that they have not, as the statute and the policy both contemplate only the named insured when reference is made to judgment against the insured. Plaintiffs contend in reply that this construction is too narrow and not consistent with the language of the policy itself, which, they point out, expressly provides in paragraph III, Definition of "Insured", that the word "Insured" includes "not only the named Insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided that the declared and actual use of the automobile is 'pleasure and business' or 'commercial',

each as defined herein, and provided further that the actual use is with the permission of the named Insured."

Defendant rejoins that the above provision is expressly narrowed by clause (d) thereof, which states that such provision does not apply "to any employee of an Insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same Insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such Insured."

Defendant further points out that the plaintiffs could not properly hold it liable on their judgments against Springett, because by virtue of clause (e) of "Exclusions" from the policy, he was not an insured against injury or death to the plaintiffs' deceased, within the meaning of the policy. That clause reads as follows: "This policy does not apply . . . (e) to bodily injury to or death of any employee of the Insured while engaged in the business of the Insured other than domestic employment, or in the operation, maintenance or repair of the automobile; or to any obligation for which the Insured may be held liable under any workmen's compensation law."

In relying upon these provisions of the policy, defendant contends that Augustus Springett was an employee of Pauline Merrill, and that he was engaged in her "business" at the time of the accident.

We are of the opinion that none of the defendant's contentions are sound. The language of paragraph III of the policy appears to be quite clear to us. We think it means exactly what it says, and it says that the unqualified word "Insured" includes not only the named insured but any other person using the automobile under certain conditions therein specifically stated. In other words, the policy itself, by its very language, expands the term "Insured" to comprehend more than the particular insured named therein. To assist the reader in determining whether any person falls within the inclusion provision, the paragraph goes on further

to enumerate four distinct classes of persons, (a), (b), (c), and (d), to whom the paragraph is expressly made inapplicable.

Defendant urges that Springett falls into class (d) and that the paragraph is inapplicable to him and therefore he could not be deemed to be an insured within the meaning of the policy. It argues that Springett was a fellow employee of plaintiffs' deceased and that the accident which caused their deaths occurred in the course of his employment by Pauline Merrill in the use of her automobile in her business. On the evidence in the record, we do not find that Springett was an employee of Pauline Merrill, using her automobile in her *business*. Mrs. Merrill had no business, as she was a housewife. Springett and the deceased were her domestic servants. Whether he was the servant of Pauline Merrill or of the estate of George Grenville Merrill, the result, under these circumstances, would be the same.

As we construe clause (d) the purpose of it was to make paragraph III inapplicable to any person who was employed in the business of the insured, not in the broad, popular connotation of the word "business" but in its narrower sense, as a commercial, industrial, or trading venture, usually involving buying and selling for pecuniary gain. Such was substantially the view expressed in *Ocean Accident & Guarantee Corp.* v. *Torres,* 91 Fed. (2d) 464, *certiorari* denied, 302 U. S. 741. See also *Sills* v. *Sorenson,* 192 Wash. 318. The maintenance of a home, even though it entails the employment of a number of domestic servants or retainers, does not transform it into a business. As was said in *Eichholz* v. *Shaft,* 166 Minn. 339: "The upkeep and care of a home for one's self and family are not in the category of a trade, business, profession or occupation, as generally understood. A home is not established and maintained in the expectation of pecuniary gain. Such a venture is solely an expense."

As for clause (e) the discussion above sufficiently answers the defendant's contention that by virtue of such clause it is not obligated where "a domestic employee receives an injury

as a result of the negligence of another employee and recovery is had against the offending employee by the domestic servant . . . because such employee is not the insured within the definition appearing in the policy." For such contention to prevail it would be necessary for the defendant to show that at the time of the accident the deaths of the plaintiffs' deceased occurred while engaged in the "business" of the insured. Clearly the deceased as well as Springett were not so engaged at that time but were employed as domestic servants and therefore by the very language of clause (e) itself were excluded therefrom.

No discussion of other points argued and briefed by the defendant is necessary, as they all simmer down finally to the one question discussed above, namely, whether within the meaning of the policy Springett was an insured properly suable as such by the plaintiffs, and to whom the defendant was obligated under the policy as fully and in the same manner as it was to the named insured. Having decided that Springett was such insured, we are accordingly of the opinion that the second count of each declaration was good; and that the superior court did not err in so holding. Whether or not the first count was also correctly laid, we need not determine.

All of the defendant's exceptions are overruled and each case is remitted to the superior court for the entry of judgment on the decision.

ON MOTION FOR REARGUMENT.<br>DECEMBER 23, 1942.

PER CURIAM. After our opinion was filed in the above-entitled cases, the defendant requested and was given leave to file a motion for reargument.

In support of its motion, defendant contends that since the chauffeur and the plaintiffs' deceased were fellow servants of the *named* insured Pauline Merrill, no action "under the death statute" could have been maintained by the plaintiffs against her as an employer and therefore that our opinion, in effect, "grants greater and more extended coverage

. . . to the chauffeur than it afforded to the person who bought and paid for the insurance."

Whether or not this conclusion is valid does not concern us since it was not an issue in the cases before us. Liability on the part of the chauffeur for the deaths of the plaintiffs' deceased had been fixed by the final judgment of the federal district court. In that action the chauffeur was sued directly as the tort feasor and not as the servant or agent of Pauline Merrill.

The second count of the declaration in each of the instant cases, to which we expressly confined our opinion, was based not upon any common law liability for the tort, but upon liability of the insurer based upon the policy which it had issued to Pauline Merrill, and the determinative question raised in these cases was whether the chauffeur was directly insured by reason of the definition of "insured" as it was found in the language of this particular policy. That issue was determined by a construction of such language, without regard to what liability for the tort the employer would have, if she had been sued, and without regard to what liability the insurer would have under this policy if the employer had been sued and the judgment obtained against her.

Defendant's contention, therefore, does not afford a reasonable ground upon which to base a reargument.

Defendant contends further, however, "that the cases cited on page 5 of the opinion do not support the conclusion reached by this Court." A careful reading of our opinion will show that these cases were cited merely for the purpose of showing that substantially the same limitation which we put upon the term "business", as used in this policy, had been stated by the courts in those cases. In *Ocean Accident & Guarantee Corp.* v. *Torres,* 91 Fed. 2d 464, *certiorari* denied, 302 U. S. 741, the court discussed at some length the connotation of that term as used in the policy and also pointedly said that the occupation of a housewife or homemaker "is not a 'business' within the terms of the policy." And in *Sills* v. *Sorrenson,* 192 Wash. 318, the court went even further

and distinguished the words "in the business" in the policy before it from the term "on the business", as used in the law of agency.

*Eichholz* v. *Shaft*, 166 Minn. 339, was cited for the value of the quotation, which we made from the opinion in that case to indicate that the Minnesota court had also taken the view that, generally speaking, the maintenance and upkeep of a home was not considered a business, as that term was usually understood.

All of defendant's present contentions have been heretofore substantially considered by us and have been rejected.

Motion denied.