DAVID FARIN, an Infant, by CELIA FARIN, His Guardian ad Litem, Plaintiff, v. MOZES SERCARZ et al., Individually and Doing Business under the Name of SERCARZ BROS., Defendants.

Supreme Court, Special Term, New York County, December 11, 1942.

*Louis Frankel* for defendants.

*Joseph Adler* for plaintiff.

NULL, J. The defendants have applied for an order staying the plaintiff from proceeding in this action, pending arbitration. Plaintiff is an infant. The suit is founded upon an alleged breach of a written contract of employment, whereby the plaintiff was apprenticed to the defendants to learn the diamond-cutting craft. The contract was executed by the infant and his father, as his guardian; the action is brought by his mother as guardian *ad litem.* The plaintiff concedes the agreement to arbitrate, but contends that by virtue of the provisions of section 1448 of the Civil Practice Act the defendants' application for a stay is untenable.

It is elementary that agreements made by an infant, other than agreements involving necessaries, are voidable at the election of the infant. (*Sternlieb* v. *Normandie National Securities Corp.,* 263 N. Y. 245; *International Textbook Co.* v. *Connelly,* 206 N. Y. 188.) The infant may not, however, retain an advantage from any transaction which he repudiates. He may not elect to affirm terms which he deems of benefit under the contract, while

disavowing those provisions which he deems detrimental. If he repudiates the contract, he must repudiate it in its entirety. (*Joseph* v. *Schatzkin*, 259 N. Y. 241; *Rice* v. *Butler*, 160 N. Y. 578.)

The provisions of the contract establishing the agency charged with the duty of adjudicating grievances and regulating and supervising the apprenticeship standards are basic. They are no less vital to the objects and purposes of the contract than the provisions for tenure of employment, scale of wages, and hours of work. The contract was the embodiment of a program and policy adopted by a committee designated by the association of employers and the labor union in the industry in order to foster the creation of a branch of work in which the diamond-cutting industry in this country had not been previously engaged. The form of the contract was approved by the Committee on Apprenticeship of the Department of Labor of the United States. The arbitration provisions may well have been the inducing cause and consideration for the execution of the contract. It seems to me that the parties must have contemplated that the problems inherent in the development of the new craft should be tested by the practical experience and industrial interest of employers and workers in the diamond-cutting trade rather than by the more restrictive standards of the courts. The very relationship of apprentice to be established by the contract contemplated that it was to be executed by infants and guardians.

I am unable to conclude that the provision which prescribed the method of adjudicating grievances is so separable from the other terms and provisions of the contract that the rejection thereof will still preserve the mutuality of understanding assumed to have been reached by the parties in all the fundamental terms of the contract. The substance and the remedy are correlated. They are interdependent and must be read as a whole. So long as the infant stands upon the contract, he must stand upon it in its entirety.

He may no more reject the requirement to arbitrate while affirming the stipulation which prescribes the tenure of employment than he may repudiate tenure and elect to stand upon the right to be heard in arbitration.

Rights of the infant plaintiff, however, dehors the contract are unimpaired. An action to enforce rights which have accrued or may accrue and upon which suit may be brought, which are not based upon the contract, *e.g.*, an action for work, labor and services, may still be brought.

Nor is the plaintiff required to submit to arbitration except as provided by section 1448 of the Civil Practice Act. The appli-

cation is to enjoin him from pursuing his action in the courts. That right the plaintiff has yielded, so long as he seeks to hold the defendants to the contract.

The plaintiff has urged that the arbitration tribunal refused or neglected to function. I am satisfied that there was no neglect or procrastination which impaired the plaintiff's rights. Plaintiff could have applied to this court for appropriate relief had he deemed it advisable to do so. At all events, the defendants were not at fault in that regard. Their right to the relief under this application is not to be affected by the conduct of the agency of arbitration over which they had no control.

Accordingly, the motion is granted. Settle order.