**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**TOWN OF MILFORD and John E. Philo, Defendants.**

**Civ. A. No. 4644.**

United States District Court, D. Connecticut.

March 31, 1954.

Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for plaintiff.

Richard H. Lynch, Milford, Conn., for defendant.

SMITH, Chief Judge.

This is an action by a liability insurer against insured and insured's fire truck driver for a declaration of non-liability to defend actions by two volunteer firemen and the estate of another injured in an automobile accident while on duty, and for reformation of the policy specifically to exclude coverage of volunteer firemen.

On the claim for reformation, a finding of mutual mistake depends on a finding that the Town did not intend to cover the volunteer firemen. Since there was a review and revision of liability coverage, the exclusion from the earlier Great American policies is of little weight. The crucial question of fact is whether the exclusion rider was received by the Town for attachment to the 1951–1952 policy when the Great American coverage ended. The difference in premium rates is persuasive that the insurer did not intend to cover the volunteer firemen, but there is nothing to show that this difference was known to the Town.

Either plaintiff's agent was careless and failed to send the rider to the Town with the endorsement covering the automobiles, or the rider was not made out at that time, but attached to the agent's copy of the policy later, or the Town's employees had misplaced the rider or suppressed it. The burden is upon plaintiff to show by clear and convincing evidence that the Town knew of the plaintiff's intention not to cover the volunteer firemen. Without any evidence that the rider was actually mailed or delivered, plaintiff has not sustained its burden. We may not reform the contract on mere surmise or suspicion that the Town officials intended to exclude the firemen, or would have intended so to exclude them if they knew of the additional cost.

Nor may the plaintiff prevail here on the first count. Volunteer firemen are not employees of the Town in the ordinary sense, even though subject to control by the paid fire officials of the Town in the conduct of their fire fighting activities.

The practice of the plaintiff and other liability insurers of attaching the rider specifically excluding volunteer firemen from coverage when it is not intended to include them is indicative of the accepted meaning of the term employee in this connection.

Judgment may be entered for the defendants, dismissing the action.

### Findings of Fact

1. The plaintiff is a corporation incorporated under the laws of the State of Pennsylvania; the defendant Town of Milford is a municipal corporation chartered under the laws of the State of Connecticut; and the defendant John E. Philo is a citizen of the State of Connecticut.

2. The matter in controversy exceeds, exclusive of interest and costs, the sum of three thousand dollars.

3. Automobile liability policies of the defendant Town of Milford with Great American Indemnity for the periods December 13, 1948–December 13, 1949, December 13, 1949–December 13, 1950, and December 13, 1950–December 13, 1951, carried endorsements excluding from coverage injuries to volunteer firemen.

4. The Great American was on the risk for the last time in 1950–1951. In 1948, a group of nine local insurance agents representing more than nine different insurance companies formed an association to study the Town's insurance coverage and make recommendations and reports. It is not clear at whose suggestion this association came about, but they had conferences with the Town Manager and Town Director of Finance. In 1951 this group motivated the transfer of the Town's insurance coverage to the plaintiff. The first policy written by the plaintiff became effective September 1, 1951, being a blanket policy designed to cover general liability from September 1, 1951 and automobile liability from December 13, 1951 when the Great American policy expired. It was written as though covering automobile liability from its issuance, but no premium was paid for this coverage and no list of vehicles was issued until December. As to the exclusion of volunteer firemen, there is no clear evidence to show the association recommended such exclusion or that the Town adopted such position. Although there is in evidence a carbon copy of an exclusion for volunteer firemen attached to the company copy of the 1951–1952 policy, there is no evidence that they mailed the original to the Town, or, if it went to Mr. Sorenson, the insurance agent, that he delivered or mailed the exclusion to the Town.

5. As of July 6, 1950 an Aetna Plan submitted as a result of the agents' group's activities for revision of all the Town's insurance coverage had suggested including the volunteer firemen under the automobile liability coverage for an additional premium.

6. Plaintiff's proposal for liability coverage, of June 1951, did not mention the volunteer firemen exclusion or coverage.

7. Plaintiff wrote a similar policy for the year September 1, 1952–September 1, 1953, including automobile liability coverage, but failed until July 7, 1953 to endorse the policy to exclude coverage of volunteer firemen.

8. Said policy bound the plaintiff to pay on behalf of the Town of Milford and any driver of a motor vehicle of said Town any sums which they might become obligated to pay by reason of any liability imposed upon them for damages caused by accident arising out of the ownership, maintenance or use of motor vehicles of the Town.

9. Said policy further bound the plaintiff to defend any suit for damages brought against the Town or a driver of a motor vehicle of the Town.

10. By the provisions of Insuring Agreement IV(d) and Exclusion (b) of said policy the plaintiff was expressly exempted from the obligations set forth in paragraphs 4 and 5 with respect to claims by employees of the Town.

11. On December 28, 1952 the defendant John E. Philo was involved in an accident while driving a fire truck owned by the Town as a regular member of the Milford Fire Department.

12. At the time of the accident, Donald Reardon, Richard Smith and Thomas R. Mahoney, as volunteer firemen of the Town of Milford, were on the truck responding to an alarm.

13. As a result of said accident Donald Reardon and Richard Smith have commenced actions against the defendant Philo to recover for personal injuries, and William A. Raffel as administrator of the estate of Thomas R. Mahoney has commenced an action against the defendant Philo to recover damages for the alleged wrongful death of said Mahoney.

14. The defendants claim that the plaintiff is bound to defend said suits on behalf of the defendant Philo and to pay any judgments which may be rendered.

### Conclusions of Law

1. The Court has jurisdiction of the parties and subject matter of the action.

2. Volunteer firemen are not employees of the Town of Milford, within the exemption of Insuring Agreement IV(d) and Exclusion (b) of the policy.

3. To obtain reformation of the policy to exclude volunteer firemen from coverage, plaintiff must show by clear and convincing evidence that such an exclusion was intended by both parties to the contract and was omitted by mutual mistake.

4. Plaintiff has failed to establish by clear and convincing evidence such an intention to exclude volunteer firemen or mistake on the part of the Town of Milford.

5. Defendants are entitled to judgment dismissing the action.