87 So.2d 343 (1956)
Milton ARCENEAUX et al.
v.
LONDON GUARANTEE & ACCIDENT COMPANY, Limited, et al.
No. 4200.
Court of Appeal of Louisiana, First Circuit.
April 27, 1956.
Rehearing Denied May 25, 1956.
Watson & Williams, Natchitoches, for appellants.
Voorhies & Labbe, Lafayette, Montgomery, Barnett, Brown & Sessions, New Orleans, for appellees.
LOTTINGER, Judge.
Petitioners brought this suit for damages resulting from the accidental death of their father, Lawrence Joseph Arceneaux. The suit is against R. O. Ray Broussard, *344 who was driving the truck when it struck deceased, and the London Guarantee and Accident Company, Ltd., et al., the liability insurer of Morton Salt Company, the owner of the truck. The Lower Court maintained the exceptions of no cause or right of action filed by the defendant insurance company. The petitioners have appealed from said decision.
The facts show that Lawrence Joseph Arceneaux received fatal injuries on January 23, 1953, when he was run over by a truck owned by Morton Salt Company and operated by its employee, Ray Broussard. The petition alleged that Broussard, at the time of the accident, was operating a Ford truck with an extremely high dump body. Broussard was backing the truck and standing on the running board with one hand on the steering wheel so he could see a distance beyond the back of the truck towards where he was backing. The high dump body on the truck prevented him from seeing on the other side of the rear of the truck where Arceneaux was standing. The petition alleges that Arceneaux was struck as he was standing with his back towards the truck and that he was knocked down, run over and killed by the truck wheels passing over his body.
It was stipulated that the policy of insurance issued by London Guarantee & Accident Company, Ltd., was in full force and effect at the time of the accident, and it was on this basis that the defendant was called into this suit as a party defendant. The other defendant is the driver of the truck at the time of the accident, Mr. Broussard, who filed an answer. The insurance company filed exceptions of no cause or right of action which were maintained below. The petitioners appeal from the judgment below dismissing the insurance company.
The parties stipulated that both Broussard and the deceased were employees of Morton Salt Company, and that they were both working within the course and scope of said employment at the time of the accident. The questions presented on this appeal deal solely with the judgment on the exceptions below, and the question of liability of Broussard has not yet been tried on the merits.
To show that Broussard was not afforded coverage under the terms of the omnibus clause of the policy, the insurance company cites the following provision of the policy.
"III Definition of Insured
"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

* * * * * * *
"(b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer." (Italics ours.)
To show that Arceneaux was fatally injured while in the course and scope of his employment and, therefore, his coverage is excluded from the provisions of the policy, the insurance company cites the following:
"Exclusions
"This policy does not apply:
* * * * * * *
"(d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law;

*345 "(e) under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law."
Coverage A is for bodily injury and coverage B is for property damage. We, of course, are only concerned with coverage A in this suit.
The policy is clearly worded to the effect that the situation here presented is definitely excluded from coverage. The language first above quoted clearly states that the insurance with respect to any person or organization other than the named insured does not apply to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer. Now both Broussard and the deceased were both employees of the Morton Salt Company and were working in the course and scope of their said employment at the time of the accident. Under the clear wording of the policy, with respect to definition of the insured, Broussard was not covered when he injured the deceased. We are of the firm opinion that under the definition of insured the defendant insurance company is relieved of liability herein.
Furthermore, under the clear wording of the exclusions above quoted, coverage for bodily injury was excluded for employees of the assured while engaged in the work of their employer, or whenever the company might be held liable for workmen's compensation. By stipulation of counsel it is admitted that the deceased was an "employee of the insured" and that he received the "bodily injury" which resulted in his "death" while engaged in the employment of the insured. It cannot be disputed that his injuries and death are claims for which the insured or any company as his insurer may be held liable under any compensation law. We feel, therefore, that this claim was specifically exempted from the provisions of the policy.
The petitioners, however, contend that public liability policies are issued for the protection of the public and that public policy of this State directs that direct actions may be brought under such policies and that their terms must be liberally construed so as not to restrict their provisions to the detriment of the public. They call our attention to the fact that the courts have always liberally construed insurance policies and have even extended their coverage so as to permit a husband to sue his wife's insurer. They also cite a number of cases wherein the courts have liberally extended their interpretations of omnibus clauses. However, in the cases so cited, the provisions are not similar to the ones with which we are now concerned.
The parties have cited Pullen v. Employers' Liability Assurance Corporation, Ltd., La.App., 72 So.2d 353, wherein a similar exclusion provision was before the Court. They say that writs have been granted by the Supreme Court in this case. We have been unable to confirm this fact in the reporting system, nor have we been able to ascertain that the Supreme Court has taken any further action on the writs. We feel, furthermore, that the facts in that case are not identical to the ones before us, and, therefore, feel that said decision should not influence us, although, in that case, exceptions, similar to the ones here presented, were maintained.
Petitioner claims that the provisions of the present policy are contrary to the public policy of the State of Louisiana as set forth in the direct action clause now incorporated in LSA-R.S. 22:655. We find nothing in the quoted exclusions which are in conflict with the laws or the public policy of this State. LSA-R.S. 22:655, upon which petitioners' contention is based, provides that "nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this *346 state." No conflicting law of the state has been cited by petitioners, nor do we know of any.
As was stated by the Lower Court, in a very well reasoned opinion:
"It seems clear that the provisions in the policy to exclude claims that are covered by the workmen's compensation law are for the purpose of distinguishing this contract from workmen's compensation insurance contracts. These two types of policies are altogether different. Unless the public liability policy issued in this case contains the provisions that it does, the policy would be both a public liability policy, and, to a certain extent, a workmen's compensation policy. The liability of the employer to the public for acts of his employees in operating his motor vehicles is one thing. His liability to his employees who are injured in the course and scope of their employment is another. Insurance contracts to protect the employer against claims that may arise in either category are therefore based on different considerations and have nothing in common. To keep the public liability policy issued in each case from becoming one covering workmen's compensation, the insertion of the provisions with which we are concerned is essential. There is nothing against good morals, or public policy, in these provisions."
Nor is the wording of the policy of insurance ambiguous. The meaning of the quoted provisions are clear, and they clearly set forth that the particular factual situation here presented is exempt from coverage under the policy.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal are to be paid by petitioners.
Judgment affirmed.