Edward G. Baker, J.
This is an application for an order directing arbitration and for a stay of an action now pending in this court against petitioner.
On or about December 10,1955, petitioner, Commercial Insurance Company of Newark, N. J., issued to one Vincent Benfante, Sr., its policy of automobile liability insurance. The contract contained an indorsement which, so far as here relevant, provided as follows:
“ 1. DAMAGES FOR INJURIES OR DEATH CAUSED BY UNINSURED AUTOMOBILE.
To pay all sums which the Insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death at any time resulting therefrom sustained by the Insured, caused by accident while this endorsement is in effect, and arising out of the ownership, maintenance or use of such uninsured automobile; provided that for the purposes of this endorsement, determination as to whether the Insured shall be legally entitled to recover such damages, and if so entitled the amount thereof, shall be made by agreement between the Insured and the Company or, in the event of disagreement, by arbitration.
“ 2. DEFINITIONS
(a) insured. The unqualified word ‘ Insured ’ means (1) the Named Insured and, while residents of the same household, his spouse and relatives of either; * * * (c) uninsured
automorle. The words 1 uninsured automobile ’ mean an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance applicable at the time of the accident, or an automobile used without the permission of the owner thereof if there is no bodily injury liability insurance applicable at the time of the accident with respect to the operator thereof * * *
‘ ‘ 4. ACTION AGAINST THE COMPANY
No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this endorsement.
*774 “ 5. ARBITRATION
In the event the Insured and the Company do not agree that the Insured is entitled to recover damages from the owner or operator of an uninsured automobile on account of bodily injury to, or sickness, disease or death of the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which the Insured and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association In January, 1956, while the policy was still in force, the motor vehicle owned by the named insured, and being operated at the time by his infant son, was in collision with an allegedly uninsured vehicle. The operator of the named insured’s vehicle and another of his infant sons were injured in the accident. A guardian ad litem was thereafter appointed for the infants and an action was commenced in their behalf against petitioner to recover for the injuries alleged to have been sustained. It is this action which petitioner seeks to stay, contending that there is controversy among the parties with respect to certain matters arising under the contract, and that their differences must be submitted to arbitration in accordance with the terms of the agreement. Respondent contends that, since the claimants are infants, arbitration may not be compelled, and suit for the enforcement of their rights may be maintained.
Section 1448 of the Civil Practice Act provides in part as follows:
“A controversy cannot be arbitrated, either as prescribed in this article or otherwise, in either of the following cases:
‘1 1. Where one of the parties to the controversy is an infant, or a person incompetent to manage his affairs by reason of lunacy, idiocy or habitual drunkenness unless the appropriate court having jurisdiction approve a petition for permission to submit such controversy to arbitration made by the general guardian or guardian or guardian ad litem of the infant or by the committee of the incompetent.”
It seems to me that the parties to this contract must have contemplated that the unqualified word ‘ ‘ insured ’ ’ was to include persons ivho might not have attained majority at the time of the accrual of claims under the endorsements; and it must be assumed that the parties contracted with reference to the law as it was at the time the contract was made. As the court said in Ward v. Union Trust Co. (172 App. Div. 569, 572): “ When parties enter into a contract they are presumed to have in mind all the existing laws relating thereto or to the *775 subject-matter thereof. These laws enter into the contract and define and determine it.” This principle, it seems to me, governs not only the parties’ (and beneficiaries’) obligations under the contract but also their remedies where the latter are prescribed and limited by law.
So, the provisions of section 1448 of the Civil Practice Act which proscribe arbitration of controversies involving infants except as provided in the statute, must be deemed part of this agreement. Moreover, the policy itself specifically provides: “ Terms of this contract which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes.” Clearly, to the extent that the contract requires arbitration of controversies involving rights of infant claimants, it is in conflict with the plain provisions of subdivision 1 of section 1448 of the Civil Practice Act, and, by its own terms, the contract must be deemed amended to conform.
I conclude that the infants may sue at law for the enforcement of their rights under the contract; and this conclusion is not at variance with the rule that an infant may not elect to affirm terms of a contract which he deems of benefit while disavowing those provisions which he deems disadvantageous. As stated above, the contract must be construed with reference to the provisions of the statute relating to arbitration of controversies involving infants.
To the extent that the holding in Farm v. Sercarz (179 Misc. 490) is at variance with this decision, it is not followed.
The application is denied.