Etta Irene STEWART, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellee.

No. 17123.

United States Court of Appeals
Fifth Circuit.

June 13, 1958.

H. Alva Brumfield, Baton Rouge, La., for appellant.

John V. Baus, New Orleans, La. (Jones, Walker, Waechter, Poitevent & Denegre, New Orleans, La., of counsel), for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This appeal from summary judgment entered against the plaintiff in a Louisiana direct action proceeding presents the single question whether the coverage of the automobile insurance policy extended to protect one employee of a common employer against the suit brought by the heirs of a fellow employee.

Stewart, the decedent, and Vallotton, the driver of the truck, were co-employees of Raymond Concrete Pile Company, the named Assured in the policy. Vallotton was, of course, driving the truck with the permission and consent of the named Assured and was, therefore, generally within the scope of the standard omnibus clause.

If that were all there was to the case, summary judgment on policy coverage would not have been permissible. For as we have pointed out in the detailed discussion in American Fidelity &

Casualty Company, Inc., v. St. Paul-Mercury Indemnity Company, 5 Cir., 248 F.2d 509, of this general subject of the "Employee Exclusion" Clause [1] of the policy, there and here involved, Louisiana, contrary to the pronouncement we made for Alabama, holds that to be an "employee" within the exclusion clause the person must have been in the employ of that particular assured (named or omnibus additional) against whom the claim is being asserted and who is the party claiming coverage. Pullen v. Employers' Liability Assurance Corp., 230 La. 867, 89 So.2d 373. See, also, Spurlock v. Boyce-Harvey Machinery, La.App., 90 So.2d 417 and Arcenaux v. London Guarantee & Accident Co., La.App., 87 So.2d 343.

But there was something more. For the Omnibus Clause, the very portion of the policy required to extend the insurance to Vallotton, prescribed [2] in definite language that the insurance was not available for the situation in which an employee sues a fellow employee of a common employer.

This is frequently referred to as the "cross employee exception" to coverage which, applied universally, in Louisiana, Arcenaux v. London Guarantee & Accident Co., La.App., 87 So.2d 343, supra, and elsewhere [3] came into being to meet this precise situation and to strengthen the force of the "Employee Exclusion" Clause of the type set out in note 1, supra. See, Who Is "The Insured"?, 24 Kansas City L.Rev. 65; also, 50 A.L.R.2d 78. All parties in this case came within the literal terms of this exception to coverage, note 2, supra, as interpolation of names makes so plain:

"The insurance * * * does not apply:

"(b) To any employee [Vallotton] with respect to injury to or sickness, disease or death of another employee [Stewart] of the same employer [Raymond Concrete Pile Company] injured in the course of

---

1. The policy provided:
"This policy does not apply:
"(d) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefore are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;"

2. This policy provided:
"Definition of Insured. With respect to insurance for bodily injury liability and for property damage liability, the unqualified word 'insured' includes the named insured and also includes, under divisions 1 and 2 of the Definition of Hazards, any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *. The insurance with respect to any person or organization other than the named insured does not apply:
* * * * *
"(b) To any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of

the maintenance or use of an automobile in the business of such employer."

3. Among the many cases, some of the more recent ones abstracted in Automobile Liability Insurance Cases, Risjord & Austin, c. 22 under Definition of Insured—Cross Employee Exception—Driver and Injured are Co-Employees and c. 35 under Cross Employee Exclusion—Coverage for Omnibus Insured for Injury by such Omnibus Insured to Employee of Named Insured and Where Omnibus insured claiming coverage is also an employee of named insured—are: McDowell v. United States F. & G. Co., 260 Ala. 412, 71 So.2d 64; T.I.M.E. v. Maryland Cas. Co., Tex., 300 S.W.2d 68; American Fidelity Co. v. Deerfield Valley Grain Co., D.C.Vt., 43 F.Supp. 841; Maryland Cas. Co. v. Pearson, 2 Cir., 194 F.2d 285; Westcott v. United States F. & G. Co., 4 Cir., 158 F.2d 20; Arceneaux v. London Guar. & Acc. Co., La. App., 87 So.2d 343; Malifski v. Indemnity Ins. Co., 4 Cir., 135 F.2d 910; Indemnity Ins. Co. v. Town of Milford, D.C.Conn., 127 F.Supp. 394, affirmed 2 Cir., 218 F.2d 602; Home Indemnity Co. v. Village of Plymouth, 146 Ohio St. 96, 64 N.E.2d 248; Connelly v. London & Lancashire Indem. Co., 68 R.I. 446, 28 A. 2d 753, 29 A.2d 540.

such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer [Raymond Concrete Pile Company]."

On undisputed facts, there was simply no coverage. Summary judgment was compelled.

Affirmed.