ALFONSO SÁNCHEZ, Plaintiff and Appellee, *v.* LYDIA SOLER FAJARDO ET AL., CARLOS MORALES BERRÍOS, ETC., Third-party Defendants and Appellants.

No. 12869.     Decided February 20, 1963.

410

*J. M. Valentín Esteves* and *Antonio A. Simonpietri* for Transcontinental Insurance Co. third-party defendant and appellant. *Angel Viera Martínez* for Carlos Morales Berríos and Carlos Morales Martínez. *F. Fernández Cuyar* for appellee. *Enrique Báez García* for Lydia Soler Fajardo and Gabriel C. Soler.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

About ten-thirty in the morning of August 2, 1955 there was a collision between a Chevrolet automobile, license plate No. 126-120, belonging to Gabriel C. Soler, then driven by his daughter Lydia Soler Fajardo, and a Triumph automobile,

license plate No. 125-752, belonging to Alfonso Sánchez, then and there driven by the minor Carlos Morales Martínez, a son of Carlos Morales Berríos.

Lydia Soler and her father Gabriel C. Soler filed a complaint in the Superior Court against the minor Carlos Morales Martínez, driver of the Triumph, and his father Carlos Morales Berríos, claiming damages for the injuries suffered by Lydia and the damages caused to her father's automobile. Later, they amended the complaint to include as a defendant The Royal Indemnity Company, insurer of a vehicle which was not involved in the accident, belonging to Carlos Morales Berríos. Plaintiffs' contention was that under the terms of the policy the Triumph automobile was substituting Carlos Morales Berríos' automobile, which was covered by the policy.

Defendants answered the complaint. Morales Berríos and his son filed a counterclaim against Gabriel C. Soler and his daughter.

Several days after the complaint was filed by Soler and his daughter, Alfonso Sánchez filed another complaint against Lydia Soler Fajardo and The Royal Indemnity Company, insurer of the automobile of Carlos Morales Berríos, as stated above, claiming the value of his Triumph automobile. They both answered denying the essential facts of the complaint. The Royal Indemnity Co. alleged as special defense that the policy it had issued did not cover the liability, if any, of Carlos Morales Martínez or of Carlos Morales Berríos.

Both cases were consolidated. Carlos Morales Berríos and Carlos Morales Martínez filed a third-party complaint against Transcontinental Insurance Co. of New York. They alleged that on the date of the accident, the third-party defendant, represented in Puerto Rico by San Miguel & Co., Inc., had issued an insurance policy, which was in effect, covering the liability of plaintiff Alfonso Sánchez and the liability of the third-party plaintiffs Morales Berríos and Morales Martínez in the operation of the Triumph automobile, and if Alfonso Sánchez prevailed in his complaint, or if Soler and

his daughter prevailed in the other complaint, the only party liable would be the Transcontinental Insurance Co. of New York, third-party defendant. In the policy issued by this company covering the Triumph automobile, Alfonso Sánchez, Jr. and not his father, Alfonso Sánchez, who was the owner of the vehicle, appeared as insured. The policy had an omnibus clause. The third-party defendant answered admitting that it had issued the policy but denied that Carlos Morales, Jr. was driving the Triumph automobile with the insured's permission or consent.

After a trial on the merits, the trial court rendered judgment relying, among others, on the following findings of fact:

### "FINDINGS OF FACT

"1. . . . . . . .

"2. Shortly before said collision the minor Morales was at a small party in the Club Náutico with several friends, one of them Alfonso Sánchez, Jr., who had gone to the Club Náutico in the above-mentioned Triumph automobile, which belonged to his father, Alfonso Sánchez. There being need to use an automobile to fetch other boys and bring them to the party, the minor Morales asked Alfonso Sánchez, Jr. to lend him the Triumph car, to which Alfonso Sánchez, Jr. acquiesced. The afore-mentioned collision of automobiles occurred precisely while the minor Morales was driving said Triumph car, after Sánchez, Jr. had lent it to him.

"3. The collision was due exclusively to the negligence of the minor Carlos Morales Martínez, who was driving the Triumph car at an excessive speed, did not sound any alarm at the intersection with Luchetti Ave., and attempted to cross it in spite of the fact that the Chevrolet driven by Mrs. Soler Fajardo had already entered same.

"4. . . . . . . .

"5. On the date of the aforesaid accident the Triumph automobile driven by the minor Morales Martínez belonged to Alfonso Sánchez and it was insured by the Transcontinental Insurance Co. of N.Y. In the policy Alfonso Sánchez, Jr. appeared as insured and said policy covered the liability of the insured

for damages to another's property and for personal damages to third persons.

"6. Likewise, on the date of the accident an insurance policy issued by the Royal Indemnity Co. was in force. Said policy covered the legal liability of Carlos Morales Berríos, father of Carlos Morales Martínez, arising from the operation of two automobiles (not involved in this accident) and it also covered the insured's liability for the use of other vehicles besides those mentioned in said policy, in case the vehicles mentioned therein were undergoing repairs or not in use. This policy covers the risks of damages to another's property and of damages for personal injuries to third persons.

"  .   .   .   .   .   .   .

"11. On the date of the accident Carlos Morales Martínez was a minor and lived with, and under the patria potestas of his father, Carlos Morales Berríos. Since the collision was due solely to the negligence and guilt of said minor, his father, Carlos Morales Berríos, is liable at law for the damages caused by virtue of his minor son's guilt or negligence.

"12. The insurance policy issued by the Transcontinental Insurance Co. of New York in favor of Alfonso Sánchez, Jr. covering the latter's liability in the operation of the Triumph automobile contains an omnibus clause which includes as insured any person who uses said vehicle with the permission or authorization of the named insured, Alfonso Sánchez, Jr. Having reached the conclusion that the minor Morales was driving the Triumph automobile, thus insured by TRANSCONTINENTAL, with the permission or authorization of the insured named in the policy, that is, Alfonso Sánchez, Jr., and since the collision was due to the fault of the said minor Morales, Transcontinental Insurance Co. of New York is liable for all personal and property damages caused by said minor Morales Martínez."

The judgment rendered sustained the complaint of Alfonso Sánchez, Sr., as well as that of Gabriel C. Soler and Lydia Soler Fajardo, and dismissed the counterclaim of Carlos Morales Martínez and Carlos Morales Berríos, and only ordered the Transcontinental Insurance Co. of New York to pay Gabriel C. Soler the sum of $1,006, Lydia Soler Fajardo the sum of $727, and Alfonso Sánchez, Sr. the sum of $2,500, plus costs, without including attorney's fees.

414

The Transcontinental Insurance Co. of New York, defendants-counterclaimants Carlos Morales Berríos and Carlos Morales Martínez, and Alfonso Sánchez, Sr. appealed from said judgment.

The Transcontinental Insurance Co. of New York alleges the trial court committed error (1) in deciding that Carlos Morales Martínez, driver of the Triumph automobile belonging to Alfonso Sánchez, Sr., was an omnibus assured under the policy of public liability which said company had issued on the aforesaid automobile, (2) in ordering it to pay Alfonso Sánchez, Sr., $2,500, and (3) in ordering it to pay for the damages suffered by Gabriel C. Soler and his daughter Lydia Soler.

The first error was not committed. We have already stated that the policy issued by the Transcontinental Insurance Co. of New York, which covered the Triumph automobile and included Alfonso Sánchez, Jr. as insured, had an omnibus clause. The effect of such a clause is to include also, as insured, every person who used the vehicle covered by the policy with the permission of the insured specifically named therein. This permission may be express or implied. *The Conjugal Partnership, etc.* v. *Cruz*, 78 P.R.R. 335. The evidence respecting whether the minor Morales drove the Triumph automobile with the permission of Alfonso Sánchez, Jr., was conflicting. However, the trial court decided that Alfonso Sánchez, Jr. had lent the Triumph automobile to Morales, Jr. in order to bring a friend to the party which was being held at the Club Náutico. This decision is sufficiently supported by the evidence and there is nothing in the record to show that it is clearly erroneous, therefore we shall not disturb it on appeal. *Carrión* v. *Treasurer of P. R.*, 79 P.R.R. 350; *Ortiz* v. *Martorell*, 80 P.R.R. 525.

Transcontinental also alleges that even accepting that the minor Morales was driving the Triumph automobile at the time of the accident with the permission of Alfonso Sánchez, Jr., said minor did not have the actual use of the car

as contemplated by the omnibus clause because Morales, Jr. went somewhere else. However, that is not what is shown by the evidence. Morales, Jr. went to stop 20, where he thought he would find his friend, following a specific route, and not finding him, he was returning to the Club Náutico by a different route when the accident occurred. If there was a deviation from the permission, it was not of sufficient importance to exclude Morales from the omnibus clause. This is so because the deviation was slight and does not annul the permission. *Gulla* v. *Reynolds*, 85 N.E.2d 116; *Laroche* v. *Farm Bureau Mut. Automobile Ins. Co.*, 7 A.2d 361.

The second error was committed because Transcontinental is not responsible, under the terms of the insurance contract, for the damages suffered by the Triumph automobile belonging to Alfonso Sánchez, Sr.

In the policy issued by Transcontinental, the insured is defined in the following manner:

"III. *Definition of Insured:*

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the name insured is an individual, his spouse if a resident of the same household, and also includes any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

Some of the clauses of the policy refer to the named insured while others only mention the insured. It is unquestionable that under the clauses of the policy which refer to the insured the minor Morales Martínez, driver of the Triumph, was included. This is so because when the term "named insured" is used in the policy, it merely refers to the persons specifically designated in the contract;[1] but when the term "insured" is used without qualification, it includes not only

---

[1] *Trinity Universal Ins. Co.* v. *Woody*, 47 F.Supp. 327; *American Indemnity Company* v. *Davis*, 155 F.Supp. 47; *Fertig General Acc. Fire & Life Assur. Corp.*, 13 N.Y.S.2d 872; *Madison* v. *Steller*, 275 N.W. 703; *Holthe* v. *Iskowitz*, 197 P.2d 999.

the "named insured" but also the other persons who are protected by the omnibus clause.[2]

■ However, it must be determined whether under the exclusion clauses of the policy the damages suffered by the Triumph automobile were covered. The aforesaid exclusion clause in what now concerns us, reads as follows:

"This policy does not apply:

"(f) Under coverage B, to injury to/or destruction of property owned or transported by the insured, or property rented to or *in charge of the insured* other than a residence or private garage damaged or destroyed by a private passenger automobile covered by this policy." (Italics ours.)

It should be observed that this clause does not use the qualified term "named insured" but only "insured." Therefore, the "insured" referred to therein was any person who used the automobile with the permission of the named insured, who was, in this case, the minor Morales Martínez. This being so, we must determine whether the Triumph automobile was a property to which the policy did not apply.

Said clause provides that the policy does not apply, among other things, to property *"in charge of the insured."* The facts of this case simplify the definition of the aforesaid phrase "in charge of the insured." The automobile in question was lent to the minor Morales Martínez by the insured named in the policy. Said minor obtained thereby not only the physical possession of the vehicle but also had it under his care, control, and direction while he was using it, which means, in other words, that said minor was in charge of the automobile until he returned it to the friend who lent it to him. Consequently, the aforesaid vehicle was a property included in clause (f) and to which the policy did not apply.

[2] *Standard Surety & Casualty Co.* v. *Maryland Cas. Co.*, 119 N.Y.S.2d 795; *Arnold* v. *State Farm Mutual Automobile Ins. Co.*, 260 F.2d 161; *Benfante* v. *Commercial Insurance Co. of Newark*, 162 N.Y.S.2d 715; *Connelly* v. *London & Lancashire Indemnity Co.*, 28 A.2d 753; *Holthe* v. *Iskowitz, supra* note 1; *Snyder* v. *United States Mut. Ins. Co.*, 38 N.E.2d 540; *Constanzo* v. *Pa. Threshermen & Farm Mut. Cas. Ins. Co.*, 152 A.2d 589.

*Monroe County Motor Co.* v. *Tennessee Odin Ins. Co.*, 231 S.W.2d 386; *Wyse* v. *Dixie Fire & Casualty Company*, 136 So.2d 578; *Speier* v. *Ayling*, 45 A.2d 385; *Aglione* v. *American Automobile Insurance Company*, 143 A.2d 148.

Appellants Carlos Morales Berríos and his son Carlos Morales Martínez assign the commission of the following three errors:

"FIRST ERROR: As to the finding that the proximate cause of the accident was the negligence of Carlos Morales, Jr. (No. 3 of the Findings of Fact), the trial court committed manifest error and it should have dismissed the complaint of Gabriel C. Soler and Lydia Soler Fajardo and sustained the complaint of Carlos Morales, Sr. and Carlos Morales, Jr.

"SECOND ERROR: Assuming that the finding as to which was the proximate cause was correct, the trial court erred in deciding that Carlos Morales, Sr. is liable for the damages caused by his son. (No. 11 of the Findings of Fact.)

"THIRD ERROR: The trial court erred in deciding that the damages suffered by Alfonso Sánchez amount to $2,500. (No. 9 of the Findings of Fact.)"

■ We shall discuss the first of these errors but not the other two. The reason for this is evident. Although the trial court made findings as to the effect that Carlos Morales Berríos was liable for the damages caused by his son, and that the damages suffered by Alfonso Sánchez, Sr. amount to $2,500, in the judgment rendered said defendants-counterclaimants are not ordered to pay any compensation to Soler or to his daughter, nor to Alfonso Sánchez, Sr. Thus, by virtue of said judgment the findings now challenged herein have become moot, as to them, if it is considered that Soler and his daughter did not appeal from said judgment and that although Alfonso Sánchez, Sr. appealed,[3] he has not filed an

---

[3] Sánchez, Sr. appealed from the judgment "inasmuch as the same does not order defendants Royal Indemnity Company and Carlos Morales Berríos to pay plaintiff the value of his destroyed automobile; and inasmuch as it does not order said defendants and the Transcontinental Insurance Company of New York to pay plaintiff's attorney's fees."

assignment of errors in support of his appeal, for which reason the same must be dismissed. *Commonwealth* v. *Baldrich*, 79 P.R.R. 640; *Martínez* v. *Ramírez*, 64 P.R.R. 494; *Miranda* v. *Echegaray*, 62 P.R.R. 777.

In the discussion of the first error, defendants-counterclaimants challenge finding of fact No. 3 to the effect that "the collision was due exclusively to the negligence of the minor Carlos Morales Martínez, who was driving the Triumph car at an excessive speed, did not sound any alarm at the intersection with Luchetti Ave., and attempted to cross it in spite of the fact that the Chevrolet driven by Mrs. Soler Fajardo had already entered same." Actually, the evidence as to the manner in which the accident occurred was conflicting but the trial court decided the conflict against defendants-counterclaimants.

■ They do not discuss the correctness of the finding respecting the excessive speed at which the Triumph was running, but they state: "However, respecting which of the two drivers entered the intersection first, we respectfully believe that the trial court reached an erroneous conclusion, and this is precisely the crucial point for determining who's fault it actually was." Having considered the evidence as a whole, especially the testimony of plaintiffs' witnesses, the nature and place of the collision suffered by both vehicles, as well as the position in which they were left, we do not believe that the finding challenged is erroneous, and consequently, we shall not disturb it on appeal. *Portalatín* v. *Mena*, 77 P.R.R. 514.

In view of the foregoing, the judgment rendered by the Superior Court will be reversed inasmuch as it orders Transcontinental to pay Alfonso Sánchez, Sr. the value of the Triumph automobile and will be affirmed as to the other particulars.