**ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee,**

**v.**

**Harris Tom HILL, Defendant-Appellant.**

**No. 17115.**

United States Court of Appeals
Sixth Circuit.

June 8, 1967.

Irvin A. Meserth, Cincinnati, Ohio, for appellant.

James F. Barnhart, Dayton, Ohio, H. Thomas Haacke, Jr., of Pickrel, Schaeffer & Ebeling, Dayton, Ohio, on brief, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal from a decision of the United States District Court for the Southern District of Ohio, Western Division, granting judgment in favor of the plaintiff-appellee, Allstate Insurance Company, hereafter referred to as Allstate. Jurisdiction is invoked by reason of diversity of citizenship under Section 1332, Title 28, U.S.C. and under Section 2201, Title 28, U.S.C. which authorizes actions for Declaratory Judgments.

The relevant facts, as stipulated by the parties are as follows: Allstate issued a policy of insurance protecting the Service Transport Company against liability arising from the operation, maintenance and use of motor vehicles on its behalf, and agreeing to defend litigations arising therefrom. An endorsement attached to the policy entitled "Receipts Basis-Truckmen (Form B)," known as an omnibus clause, defined "insured," in part, as follows:

"With respect to the insurance for Bodily Injury Liability and for Property Damage Liability the unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

\* \* \* \* \* \*

"(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer: \* \* \*."

Part (c) of this endorsement is known as a "cross employee exclusion" clause.

Service Transport Company is an Ohio corporation engaged in the business of transporting cargo for hire. In furtherance of this business, Service Transport Company leases tractors from individuals and then hires these individuals to operate them. Harris Tom Hill and Paul R. Diehl were individuals who had leased their tractors to Service Transport Company and who had in turn been employed by Service Transport to operate the tractors in the conduct of Service Transport's business. Allstate is a corporation organized under the laws of the State of Illinois, with its principal place of business in Skokie, Illinois.

On August 22, 1962, appellant, Harris Tom Hill, stopped his tractor on the east berm of northbound Interstate 75, south of Dayton, in Montgomery County, Ohio, to effectuate some repairs. About a half hour later, Paul R. Diehl, seeing Hill, stopped his tractor somewhat to the front of Hill's, in order to assist him. While Hill was working on his tractor, Diehl's tractor rolled backward into the front of Hill's tractor injuring Hill and damaging the tractor. At the time of this accident, both Hill and Diehl were employed by Service Transport Company and were acting within the scope of their employment.

On August 17, 1964, Hill filed an action in the Common Pleas Court of Hamilton County, Ohio, against Diehl praying for damages in the amount of $40,000. On November 16, 1964, Allstate filed an action for Declaratory Judgment in the District Court against Hill, Diehl and Service Transport Company, requesting that the Court declare that it has no obligation to defend the suit in the Com-

mon Pleas Court on behalf of Diehl nor to pay any judgment rendered against Diehl in the action.

Hill and Diehl claim that Diehl is an additional insured under the omnibus clause of the insurance policy issued by Allstate to Service Transport Company. See Travelers Ins. Co. v. Auto-Owners (Mutual) Ins. Co., 1 Ohio App.2d 65, 203 N.E.2d 846. It is in Diehl's status as an additional insured that it is claimed that Allstate is obligated to defend him and pay any judgment recovered against him in Hill's action. Allstate does not deny that under some circumsances Diehl would be an additional insured under its policy of insurance. It claims however that Hill and Diehl are fellow employees of Service Transport and that it is not liable by reason of the "cross employee exclusion" clause. Hill claimed in the District Court that this clause was ambiguous and not applicable to this case. He further claimed that the exclusion clause was against public policy and contrary to Section 4921.11 Ohio Revised Code.

Since jurisdiction of the District Court rests upon diversity of citizenship, Ohio law controls. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Allstate, plaintiff in the District Court, moved for summary judgment. Thereafter the case was submitted to the court on the pleadings, deposition of Frank Chlad, Vice President of Safety and Industrial Relations of Service Transport Company, and an agreed statement of facts of the parties.

The district judge made 'a finding of facts and stated the conclusions of law. Contrary to Hill's contention, he held that the exclusion clause was not ambiguous. Hill accepts this conclusion for the purpose of this appeal. The district judge further found that the exclusion clause was not void as being against public policy. He concluded that Allstate was not obligated to defend Diehl or to pay any judgment rendered against him in the action which Hill brought against Diehl in the Common Pleas Court of Hamilton County, Ohio. Only Hill appealed. The sole ground of the appeal is that the "cross employee exclusion" clause is contrary to public policy.

The appellant alleged in his petition in the Common Pleas Court that he suffered severe personal injuries; that he was unable to operate his truck under the lease agreement with Service Transport Company for the balance of 1962 and for part of 1963; that he lost wages and profits in the amount of $4442; that he will be permanently impaired in the performance of his occupation and that his truck was damaged in the amount of $450.

We will first consider Allstate's liability to defend Diehl and to pay any judgment against him by reason of Hill's personal injuries and the financial loss resulting therefrom. Appellant concedes that a literal interpretation of the exclusion clause, which denies coverage where one employee is injured by a co-employee in the course of their employment, would relieve Allstate of liability unless, as he maintains, the clause is void as being contrary to the public policy of Ohio. The leading Ohio case involving an identical "cross employee exclusion" clause is Morfoot v. Stake, 174 Ohio St. 506, 190 N.E.2d 573 (1963). See also, Home Indemnity Co. v. Village of Plymouth, 146 Ohio St. 96, 64 N.E.2d 248, where the Court held that the clause did not apply because the injured party was an officer of a municipal corporation and not an employee. In the *Morfoot* case such a clause was applied where one employee, injured in the course of his employment, sued a co-employee who was driving a motor vehicle for the named insured. Although the driver was in the position of an additional insured under the employer's insurance policy, the insurance company was not liable for the injury to a fellow employee of the driver by reason of such an exclusion clause. The injured employee had received Workmen's Compensation as had Hill in the case before us. The question of public policy was not discussed.

The appellant claims that *Morfoot* is not applicable because of the require-

ments of Section 4921.11 Ohio Revised Code. That section provides that a certificate of public convenience and necessity will not be issued to a motor transporation company until it has filed a "liability insurance certificate, policy, * * * to protect the interests of the public, * * *." Appellant contends that because he is a member of the "public" the "cross employee exclusion" clause is against this declaration of state policy. In Metropolitan Casualty Ins. Co. v. McPherran, 21 Ohio Law Abst. 300 (Ohio Appeals, 8th Dist., 1936), the court said:

> "The word 'public' used in Section 614–99 GC (predecessor to Section 4921.11, O.R.C.), does not include those injured while engaged in the performance and promotion of the business of the employer and does not comprehend such employees. The State has made provision for compensation to employees who have sustained injuries during the course of and growing out of their employment. It is hardly conceivable to be the law that any group of employees in this State should have the double remedy of collecting in tort and collecting compensation under the Workmen's Compensation Act."

This being the law of Ohio, we are bound by it. The purpose of Section 4921.11, O.R.C., is to provide protection for members of the general public as distinguished from employees of the certificate holders.

Appellant further claims that it is against public policy to make a distinction between fellow employees and strangers involved in an accident, and a provision in an insurance policy which recognizes such a distinction should be declared void. However, the law does recognize a valid distinction between the two classes and treats each group accordingly. Employees are covered under state law by Workmen's Compensation and are entitled to collect benefits even if their injuries are the result of the actions of a fellow employee. The appellant in this case did collect Workmen's Compensation as an employee of Service Transport Company. We are not con-

fronted here with any question relating to Diehl's ultimate liability to Hill. Under Ohio law an employee is not precluded from bringing suit against a fellow employee for injuries arising in the course of their employment. Gee v. Horvath, 169 Ohio St. 14, 157 N.E.2d 354. The sole question before us is whether Allstate, under its public liability insurance policy issued to Service Transport Company, the common employer of Hill and Diehl, is required to defend Diehl and to pay any judgment in Hill's action against him.

In Home Indemnity Co. v. Village of Plymouth, supra, the Court said that the purpose behind a "cross employee exclusion" clause is to provide "coverage to one amenable to the workmen's compensation law in cases where he is not protected by that law and to exclude coverage in cases where he is so protected." The rationale behind the holding in Metropolitan Casualty Ins. Co. v. McPherran, supra, and Morfoot v. Stake, supra, is that employees who are injured in the course of their employment are covered by Workmen's Compensation and it would be onerous to require that an employer also insure them under his public liability insurance.

As noted in Stewart v. Liberty Mutual Insurance Company, 256 F.2d 444 (C.A. 5,) the "cross employee exclusion" clause was developed to exclude coverage in situations in which one employee is injured by the action of a co-employee. Several states, other than Ohio, have considered such a clause, and have applied it in comparable factual situations. Rollo v. California State Automobile Ass'n, 159 Cal. App.2d 172, 323 P.2d 531; Shirey v. Travelers Indemnity Co., 127 So.2d 303 (Ct. of App., La.); T.I.M.E., Inc. v. Maryland Casualty Company, 157 Tex. 121, 300 S.W.2d 68; Schneider v. Depies, 266 Wis. 43, 62 N.W.2d 431; Asbury v. Public Service Mutual Insurance Co., 101 Ga.App. 283, 114 S.E.2d 40.

As previously noted, the Supreme Court of Ohio, in Morfoot v. Stake, supra, applied an identical clause in a situation similar to the one being consid-

ered here. In view of the holding in that case, and in view of our conclusion that the "cross employee exclusion" clause is not in conflict with Ohio public policy, the District Court was correct in holding that the clause was applicable in this case so far as Hill's personal injuries and the financial loss arising therefrom were concerned.

■ Appellant claims that he is not an employee of Service Transport Company, but only classified as such as a matter of convenience. Appellant seems to take the position that he is an independent contractor because he is the owner of the truck leased to Service Transport Company and which he is hired to drive. Appellant states that under the lease agreement he was required to furnish his own gasoline, maintenance, tires, "bobtail" insurance and other operating items. These facts alone are not sufficient to rebut the parties' own classification of their relationship as one of employer-employee. Nor do they furnish an adequate basis for holding that the district judge erred when he found that "Harris Tom Hill * * * (was) employed by the Service Transport Company * *." Appellant cannot be permitted to recover under Workmen's Compensation, where an employer-employee relationship is a prerequisite, and then come into this Court and allege that such terminology is a matter of convenience only.

■ In his state court action, appellant also seeks to recover for property damage to his truck. The "cross employee exclusion" clause, the reasoning and public policy which were decisive on the issue of Allstate's obligation with reference to appellant's claim for personal injuries, has no application to this portion of his claim. The "cross employee exclusion" clause is applicable only to claims for personal injuries and does not deal with claims for property damage. The meaning of this clause is plain. We cannot read into it more than the parties intended. This clause attempts to deny coverage by an employer to an employee who is injured in the course of his employment, and therefore subject to Workmen's Compensation. The clause is limited solely to claims for personal injury. Being covered by Workmen's Compensation, an employer is not required to provide coverage to his employees for personal injuries under his public liability insurance policy. However, this limitation on coverage does not apply to claims for property damage. Workmen's Compensation does not provide a remedy for an employee whose property is damaged, even though it be in the course of his employment.

Under the policy involved herein, the appellant, with respect to his claim for damages to his truck, stands in no different position than any member of the general public. Under the provisions of the insurance policy, Allstate agreed to "indemnify the insured * * * against * * * loss of or damage to property * * * within the State of Ohio, resulting from the negligence of the insured in the * * * use of any vehicle * * *." Under the policy's standard omnibus clause, Diehl is an additional insured, thereby obligating Allstate to defend and pay any judgment rendered against Diehl on account of appellant's claim for property damage. The exclusion which applies to appellant's claim for personal injuries does not apply to claims for property damage.

In the trial court apparently no distinction was made between property damage and damages for personal injuries, and the subject was not discussed.

The judgment of the District Court is affirmed as to the damages arising from personal injuries to Hill and the financial loss as a result thereof. The judgment is reversed as to the property damage to the truck.